FREDERICK GEBHART, Plaintiff in Error, *v.* LEASON ADAMS, Defendant in Error.

23 397
50a 203
23 397
64a 125
64a 660
23 397
f96a ¹632
97a ¹ 53

ERROR TO CHRISTIAN.

The statute of limitations should be specially pleaded, to all actions of a personal nature.

Under the general issue, lapse of time may be given in evidence to defeat the action, as well as under the plea of the statute.

The allegation of the precise time is not essential in actions for cutting timber. Proof of any day after the day first alleged and before the commencement of the suit, is sufficient.

In declaring upon a statute, the cause of action should be described in the language of the statute.

THE declaration in this case is substantially as follows:

Frederick ˙Gebhart, plaintiff, complains of Leason Adams, defendant in custody, etc., of a plea that he render unto the

said plaintiff the sum of one thousand and twenty-eight dollars, which he, the defendant, owes to and justly detains from him, the said plaintiff; For that whereas, heretofore, to wit, on the first day of January, A. D. 1854, and from thenceforward continually until the commencement of this suit, at the county and circuit aforesaid, the said plaintiff was the owner, in fee simple, of certain lands, (describing them,) in the county of Christian, and State of Illinois, the said defendant, on the day and year aforesaid, and on divers other days and times between that day and the bringing of this suit, at the county aforesaid, with force and arms, and without having obtained permission of the plaintiff so to do, entered into and upon the lands and premises aforesaid of the plaintiff, and cut, felled and carried away twenty white oak trees, etc., which said trees and saplings theretofore and up to the time of cutting and felling the same as aforesaid, were standing and growing upon the land aforesaid of the plaintiff aforesaid, contrary to the form of the statute in such case made and provided, by reason whereof, and by force of the statute in such case made and provided, an action hath accrued to the said plaintiff to have and demand of and from the said defendant a large sum of money for each tree and sapling so cut, felled and carried away as aforesaid, to wit, the sum of eight dollars for each white oak tree, etc., cut, felled and carried away as aforesaid, amounting in the aggregate to a large sum of money, to wit, the sum of one thousand and twenty-eight dollars, above demanded.

And also, for that the said plaintiff afterwards, to wit, on the first day of January, A. D. 1854, and from that day henceforward continually until the bringing of this suit, was seized in fee simple, in his own right, of the said lands in the first count of this declaration mentioned and described, and the said defendant on the day and year aforesaid, and on divers other days and times between that day and the commencement of this suit, by himself and his servants, with force and arms and without having first obtained permission of the plaintiff so to do, entered into and upon the lands and premises aforesaid of the plaintiff, and cut and felled twenty others. (Here follows a description of the trees, etc.)

Yet the said defendant (although often requested so to do) hath not, as yet, paid the said plaintiff the said sum of money above demanded, or any part thereof, but so to do, hath hitherto wholly neglected and refused, and still doth neglect and refuse, to the damage of the plaintiff, of two hundred dollars, and therefore he sues.

To this declaration a demurrer was filed, which was sustained by the court; the following were the causes assigned, viz. :

And for cause of answer the said defendant insists that the said declaration is defective in not setting forth any day within the statute of limitations upon which said supposed offense was committed.

That the said declaration is defective in this, that it does not describe the land trespassed upon with that certainty required by law to enable the defendant to prepare his proofs to answer the said declaration.

That the said declaration is bad for duplicity, and being double in substance, defendant is not bound by law to answer the same.

That the declaration is otherwise formally defective and insufficient.

This demurrer was sustained by the court below, and judgment rendered upon demurrer for the defendant.

STUART & EDWARDS, and H. M. VANDEVER, for Plaintiff in Error.

S. T. LOGAN, for Defendant in Error.

BREESE, J. It is now well settled that the statute of limitations must be specially pleaded, however contrary it may be to the original design of the statute, to all actions of a personal nature. It cannot, by demurrer to the declaration, be used as a defense. In an action on a penal statute, to make the statute of limitations available as a bar, it must be specially pleaded. Under the general issue, the lapse of time might be given in evidence to defeat the action, as well as under the plea of the statute. We have decided, in *Burnap* v. *Wight*, 14 Ill. R. 304, that the statute of limitations cannot be urged in support of a motion to dismiss a writ of error, which appeared not to have been sued out within the time limited by law. In the case of *Johnson* v. *The United States*, 3 McLean, 89, the court held, when there is a bar under this statute, it must be pleaded, and this seems to be the tenor of the decisions of all the courts in modern times.

The allegation of the precise time is not essential in actions of this kind, nor even in criminal cases, unless in a few cases where time may be of the essence of the controversy. Proving the act to have been done on any day after the day first alleged and before the commencement of the suit, would be sufficient.

It is contended further by the defendant, that the declaration is defective, because it does not aver that the timber was cut willfully, knowingly, or in criminal negligence; and reference is made to 2 Scammon, 462; 12 Ill. R. 239; 10 N. Hamp. 438.

The case in 2 Scammon, *Cushing* v. *Dill*, was originally commenced before a justice of the peace, and removed by appeal to the Edgar Circuit Court, and thence to this court. The question, therefore, must have arisen upon the evidence; and as there was no proof that the act had been willfully done, the judgment was reversed.

The case in 12 Ill. R., *Whitecroft* v. *Vandaver*, was decided upon a motion in arrest of judgment, for manifest defects in the declaration, the declaration not containing the necessary averments to bring the case within the statute. In this case the declaration is framed in the words of the statute, and contains all the averments this court deemed essential in the case of Whitecroft. It is a correct rule in declaring upon a statute, to describe the cause of action, whatever it may be, in the words of the statute. Even in criminal cases, this is allowed. The court, in 12 Ill. R., put their construction upon the statute, and say, " to subject a party to such punishment, he must have committed the wrong knowingly and willfully, or under such circumstances as show him guilty of criminal negligence." Not that this averment is required in terms by the statute, but that must be taken to be the meaning and intent of the act. This is the construction the court put upon the statute. If then the words of the statute mean that the party must commit the wrong knowingly and willfully, then they must mean the same in pleading. The court cannot put one construction upon words in a statute, and deny them the same construction when the same words are used in a declaration or plea. The pleader is not bound, in declaring upon a statute, to set forth all or any of the words the court may have used in construing the statute, for when they have placed their construction upon it, and say that it means a particular thing, the words of the statute must be construed to mean the same thing in a declaration on that statute. This is a self-evident proposition.

We take this declaration, then, being in the words of the statute, to mean that the act of the defendant, in cutting the timber, without the consent of the owner, and by an entry upon the land with force and arms, was an act done, knowingly and willfully. These remarks will also apply to the case in 10 N. H., *Batchelder* v. *Kelly*. The declaration containing all the essential averments, should have been adjudged good, and the demurrer overruled.

The judgment is reversed and the cause remanded, with leave to defendant to withdraw his demurrer and plea.

*Judgment reversed.*