## The People, etc., on Complaint, etc., v. Isaac Strauss.

1. CONSTRUCTION OF STATUTES—*As to Offenses Committed Against a Former Law.*—No law is to be construed so as to repeal a former law, as to any offense committed against it, or as to any act done, penalty, forfeiture or punishment incurred, or right accrued or claim arising under it, or as to in any manner affect the same, except that legal proceedings thereafter shall conform so far as practicable to the laws in force at the time such proceedings are had. (R. S., Chap. 131, Sec. 4, Hurd's Ed. 1899, p. 1650.)

2. SAME—*Acts Relating to the Revenue.*—The provisions of section fifty-six of the act of 1872 (R. S. 1874, p. 868) relating to making false

schedules. so far as such provisions had been violated previous to the taking effect of the act of 1898, are enforceable under the provisions of section four of chapter 131 R. S. (Hurd's Ed. 1899, p. 1650).

3. LIMITATIONS—*In Suits Prosecuted by the People.*—Where the people in their sovereign capacity prosecute a suit, they occupy the same position as regards the statute of limitations as an individual citizen; the State must accept the same position on the same terms as the individual.

4. SAME—*How the Statute is to be Pleaded.*—When the declaration shows on its face that the time of the statute has run and at the same time discloses that the case is not within any of the exceptions of the statute when applied to the particular cause of action stated, the question of limitations may be raised by demurrer.

5. FORMS—*Declaration in an Action on the Complaint of a County to Recover a Penalty for Giving a False Schedule (Revenue Act).*

STATE OF ILLINOIS, } ss.   In the Circuit Court, to the April term, A. D.
County of Pike,    }            1899.

The People of the State of Illinois on complaint of the County ⎫
of Pike by its Board of Supervisors,                            ⎬ Debt.
vs.                                                             ⎪
Isaac Strauss.                                                  ⎭

The People of the State of Illinois, on the complaint of the County of Pike, in said State, here made by its board of supervisors, by A. Clay Williams, State's Attorney for said county, and William Mumford, attorneys for plaintiff, complain of the defendant, Isaac Strauss, that he render unto the plaintiff the sum of $2,000, debt.

For that, whereas, heretofore, to wit, on and before the first day of May, A. D. 1898, and continuously thereafter, until, to wit, on and after the first day of July, A. D. 1898, in the town of Pittsfield, at the county aforesaid, he, the said defendant, and one Jacob Strauss, constituted and composed a firm and partnership, then and there doing business under the firm name and style of Strauss & Bro., and were by that name then commonly known and called.

And, whereas, during all said times, said firm and partnership did business and had its principal office and place of business at said town of Pittsfield, in said county.

And, whereas, said firm and partnership did, on the first day of May, A. D. 1898, at the town of Pittsfield, aforesaid, own, have, possess and control large amounts and sums of credits, to wit, namely, the following described promissory notes, to wit :

| DATED. | DUE. | AMOUNT. | EXECUTED BY. | TO WHOM PAYABLE. |
|---|---|---|---|---|
| Oct. 1, 1887. | Oct. 1, 1889. | $176.58. | Charles E. Atwood. | |
| | | | Dorcas Atwood. | Strauss & Bro. |
| Dec. 15, 1888. | Dec. 15, 1893. | $300.00. | Henry Beard. | Strauss & Bro. |
| Mar. 29, 1898. | Mar. 29, 1892. | $500.00. | Henry Troutner. | |

*       *       *       *       *       *       *       *       *

and certain other personal property, which were then and there and thereafter subject, and legally liable to be assessed and taxed in said

town for said year, over and in excess of all legal deductions and stat-utory exemptions, on any and all accounts.

And the plaintiff, on the complaint aforesaid, avers that it then and there and thereafter became and was the duty of said defendant, as a member of said firm and partnership, to make out and deliver to the assessor of said town; for said year, upon being called on by the assessor for that purpose, a true and correct list and a schedule of the amounts of all of the said credits and other personal property owned, had, pos-sessed and controlled by said firm and partnership, on the first day of May, A. D. 1898, and subject and legally liable to be assessed for the taxes of that year, over and in excess of all statutory exemptions from assessment and legal deductions. Plaintiffs aver that on, to wit, the first day of June, A. D. 1898, one James Carroll was then and there the acting assessor in and for said town, and that on said day said assessor did then and there call upon the defendant and did then and there require of him, as a member of said firm and partnership, that he make out a true and correct statement of the taxable property, according to the statute, of said firm and partnership.

Yet, the plaintiff, on the complaint aforesaid, avers that said defend-ant did not, nor did any one for him, make out and deliver to the assessor such true and correct list and schedule of the amounts of said credits, and other personal property, owned, had, possessed and con-trolled by said firm and partnership on the first day of May, A. D. 1898, at said town, which were subject and legally liable to be assessed and taxed in said town, for said year, over and in excess of all legal deduc-tions, and statutory exemptions, but on the contrary, said defendant did, to wit, on June first, A. D. 1898, at said town, make out under oath and deliver to the assessor a certain false and fraudulent list, schedule and statement, and none other, as and of the amounts of the credits and other personal property of said firm and partnership owned, had, pos-sessed and controlled by said firm and partnership, on the first day of May, A. D. 1898, and subject and legally liable to be then assessed and taxed for said year, and as and of the credits and other personal prop-erty for the said year, over and in excess of all statutory exemptions, and legal deductions, in this, that said defendant, at the town aforesaid, on, to wit, June first, 1898, made and delivered to the assessor of such town, for said year, the said false and fraudulent list and schedule and statement wherein and whereby the said defendant falsely and fraud-ulently did list, schedule and state, that said firm and partnership did not on May 1, A.D. 1898, own, have, possess and control, at said town, subject and legally liable to be assessed and taxed in said town for said year, over and in excess of all statutory exemptions and legal deductions, any cred-its of any kind or character, other than bank, bankers', etc., whereas, in truth and in fact, plaintiff, on the complaint aforesaid, avers and charges that on May first, A. D. 1898, at the town aforesaid, said firm and partnership did own, have, control and possess, subject and legally liable to be assessed and taxed in said town, for said year, over and in

excess of all statutory exemptions and legal deductions, said credits other than bank, bankers', etc., in a large sum and amount, to wit, in the sum and amount and of the value of $100,000.

Wherefore, the plaintiff, on the complaint aforesaid, avers and says that an action hath accrued to the plaintiff, by virtue of the statute in such case made and provided, to have and recover of and from the defendant, Isaac Strauss, the sum of $2,000; and therefore the plaintiff, on the complaint aforesaid, brings here its suit, etc.

**Debt,** for a penalty. Appeal from the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

A. CLAY WILLIAMS, State's Attorney, and WILLIAM MUMFORD, attorneys for appellant.

MATTHEWS & GRIGSBY, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Action in debt by appellant, on complaint of the county board, against appellee, to recover the penalties provided by the fifty-sixth section of the revenue act of March 30, 1872, for giving a false schedule or statement required by the act, and for a failure and refusal to deliver to the assessor, when called on for that purpose, a list of the taxable personal property he was required to list under said act. The declaration contained fourteen counts, two for each of the years 1898, '97, '96, '95, '94, '93 and '90, one in each year for a false schedule, and one for a failure to give any schedule. A demurrer was interposed, both general and special, to the declaration, and the court sustained the demurrer, and the plaintiff abiding by the declaration, final judgment was given in bar of the action, to reverse which this appeal is brought, and the action of the court in so sustaining the demurrer, and giving such judgment, is assigned and argued to effect such reversal.

In support of the judgment it is first insisted that the act of February, 1898, repealed section 56 of the act of 1872, under the provisions of which this suit is brought and prosecuted. We are of the opinion, however, that the provisions of section 4 of chapter 131, Revised Statutes, saves

this prosecution, notwithstanding the act of 1898, repealing the former provision in section 56, which provides that no law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred or any right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceedings. The case of Mix v. I. C. R. R. Co., 116 Ill. 508, cited and relied upon by appellee, as prescribing a different rule, is not in point, for the reason that the repealing statute in that case contained the provision that it should govern all cases, whether occurring before or after such statute should take effect, and no act or part of act inconsistent with it, should in any way apply. Such provision, or anything similar to it, is absent from the repealing act of 1898. Therefore we conclude the provisions of section 56 of the act of 1872, so far as they had been violated previous to the taking effect of the act of 1898, are enforceable under the provisions of section 4 of chapter 131, before referred to.

It is contended on the part of appellee that all of the counts of the declaration before 1898 and 1897, are invalid because they are barred by the statute of limitations. Inasmuch as the court sustained the demurrer to the whole declaration this point does not necessarily come before us for decision, but it has been stipulated by both sides, in their argument, that the technicalities by which the point might properly be raised in this court, are waived, and it is agreed and requested by both parties, in view of other pending suits in the trial court, that this question be submitted to this court for its decision, and under such stipulation we shall give the question our best consideration.

It is first argued by counsel for appellant that limitations

do not run against the people in this case. Whatever may
be the rule in other jurisdictions in respect to this question,
we think in this State it depends upon the proper construc-
tion to be given to the legislation upon this subject. It is
conceded that if the suit was in the name of a private per-
son, that the two years limitation contained in section 14,
chapter 83, Revised Statutes, would apply, which provides
that actions for a statutory penalty shall be commenced
within two years next after the cause of action accrued.
But because this suit is in the name of the people, there is
no limitation, it is said. It may be an open question whether
the suit is necessarily in the name of the people, when the
statute provides that it shall be in the name of the people,
on complaint of any person. While the suit is on complaint
of the County of Pike, a component part of the State gov-
ernment—and we do not deny its right in this respect—still
that fact does not in any wise lessen the broad right of the
statute for any individual citizen to bring the suit upon his
complaint, and in such a case it would hardly be contended
the statute of limitations would not be a good defense. The
statute being of a highly penal nature, it must be strictly
construed, and we are disposed to hold that if the people,
in their sovereign capacity, will prosecute the suit, they
must occupy the position permitted to an individual citizen,
and the State must therefore accept the position on the
same terms as an individual person. Moreover, if it is in-
sisted that the people in their sovereign capacity are alone
prosecuting this suit, and we doubt if this position could be
maintained, then the question arises whether or not section
4, division 4 of the criminal code does not apply, which pro-
vides that all prosecutions by indictment, or otherwise, for
misdemeanors, or for any fine or forfeiture under any penal
statute, shall be commenced within one year and six months
from the time of committing the offense or incurring the
fine or forfeiture except as otherwise provided by law, fol-
lowed in the next section by the provision that the period
the party was not usually or publicly resident within the
State shall not be included in the time of limitation. So

we conclude that any form of prosecution, or action, for a statutory penalty, whether by the State in its sovereign capacity, or by any lesser division of the State government, or by an individual person, is by the clear intent of the legislature, subject to the limitation provided by statute.

The next question is whether, in an action of this nature the statute of limitations may be raised by a demurrer, or whether it must be specially pleaded. The decisions in this State are not in entire harmony upon this subject. The general rule is that the statute must be pleaded, so that the plaintiff may reply that the case is within the exceptions of the statute. Burnap v. Wight, 14 Ill. 303. Again in Gebhart v. Adams, 23 Ill. 397, it was said, it, the statute of limitations, can not, by demurrer to the declaration, be used as a defense. In an action on a penal statute, to make the statute of limitations a bar, it must be specially pleaded. Under the general issue, the lapse of time might be given in evidence to defeat the action, as well as under the plea of the statute. In equity practice the rule of pleading requires, when the time of the statute is shown to have run, that it be further shown that some of the exceptions of the statute apply, or that the apparent bar be otherwise excused. It has also more recently been held at law that where the petition or declaration disclosed the proper facts, the question of the statute of limitations may be interposed by demurrer. People ex rel. v. Boyd, 132 Ill. 60. The decision in Gebhart v. Adams, *supra*, it seems to us is plainly inconsistent with itself, wherein it says that the statute must be specially pleaded to make it a bar, or it might be given in evidence under the general issue. The reason of the rule, as given in Burnap v. Wight, *supra*, so that plaintiff may reply that the case is within the exceptions of the statute, is logical, and no doubt this is the true rule, subject to such exceptions as have been pointed out in the later decision of People v. Boyd, *supra;* where the declaration discloses the proper facts, the statute may be taken advantage of upon demurrer. That is, if the declaration shows on its face that the time of the statute has run, and at the same

time discloses that the case is not within the exceptions of the statute when applied to the particular cause of action stated in the declaration, then the question may be raised by demurrer. In other words, where the facts in the declaration sufficiently show that the cause of action is barred by the statute, and that none of the exceptions in the statute take it out of the bar, then the reason for the rule is gone, and no reason is perceived why the question may not be raised upon demurrer. We have already given our opinion that the two years statute of limitations applies to an action for a statutory penalty, such as this. What are the exceptions? There is no pretense of a new promise, for the action is not founded upon a promise. Absence of the defendant from the State is inconsistent with the whole theory of the declaration, as likewise is fraudulent concealment, in view of the particular description of credits alleged in the declaration to have been omitted from the schedules. Hence we conclude that the question of the statute of limitations might be raised upon demurrer to all the counts except those for the years 1897 and 1898.

The remaining question for our decision is as to the sufficiency of the first four counts of the declaration. We think the credits alleged to have been omitted from the schedules were sufficiently described and their values given. The demurrer admits this. The serious objection to the counts, and, as we understand, the one most strenuously urged, is that they do not aver that the defendant resided in the town of Pittsfield, where it is claimed the schedules were due.

Relative to the counts for a false schedule it is only necessary to say that by executing and delivering a schedule at all, the defendant thereby admitted that he was subject to assessment in the town of Pittsfield. The counts for a failure and refusal to deliver a schedule aver that defendant and Jacob Strauss constituted and composed a firm and partnership, then and there in the town of Pittsfield, doing business under the firm name and style of Strauss & Bro., and were by that firm name then commonly called,

and had its principal office and place of business in said town of Pittsfield. Section 13 of the revenue act provides that the personal property of banks or bankers, brokers, stock-jobbers, insurance companies, hotels, livery stables, saloons, eating houses, merchants and manufacturers, ferries, mining companies, and companies not specially provided for in this act, shall be listed and assessed in the county, town, city, village or district where their business is carried on, except such property as shall be liable to assessment elsewhere, in the hands of agents. While there is no averment in the declaration that Strauss & Bro. constituted a company within the meaning of the section to which we have just referred, nor is the nature of their business stated so as to bring it specifically within the description of that section, yet Strauss & Bro. is, by the declaration, designated as a firm and partnership, and we are justified in giving to such descriptive words their ordinary significance. "Firm," is defined by Webster as the name, title, or style under which a company transacts business; a partnership of two or more persons; a commercial house; and the same author defines partnership as an alliance or association of persons for the prosecution of an undertaking or a business on a joint account; a company; a firm; a house. So that it will be perceived that firm and partnership are synonymous with company, and the averment of the declaration brings the defendant strictly within the provisions of section 13 of the statute, to which we have alluded, and by that section the credits of Strauss & Bro. should have been listed in the town of Pittsfield, where their business was carried on. If any or all of it was liable elsewhere in the hands of agents, this was a matter within there own knowledge, to be availed of in defense. It therefore follows from what we have said that the Circuit Court erred in sustaining the demurrer to the first four counts of the declaration, and for this error the judgment will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.