Metcalfe, J.
The question in this case is raised by demurrer to the petition. The facts alleged in the petition are: That Overlander, McMillen & Company is a partnership consisting of three members, of whom the plaintiff, A. K. McMillen, is one; that the business of the company is thé construction of improved roads in Columbiana county, under the employment of the st&te highway commission and the county commissioners; that the capital of the company was contributed in equal amounts by the members of the firm; that each member is to share equally in the profits and losses; that it was agreed between the plaintiff and the other members of the firm that the plaintiff should devote his entire time to the affairs of the company and act as foreman of the employes on all work done on contracts, for which he was to receive wages at the rate of five dollars ($5.00) per day; that the company employed more than five workmen and had complied with the requirements of the act creating the Industrial Commission of Ohio; and that while acting as foreman of the company’s employes, in charge of certain work under a contract, he received certain injuries for which he seeks to recover.
He filed his claim with the Industrial Commission and the commission rejected it on the ground that the plaintiff was not an employe of the company. The plaintiff appealed and the court of common pleas sustained a demurrer to his petition.
*312 Was the plaintiff an employe of Overlander, Mc-Millen & Company at the time he was injured, in the sense that the term “employe” is used in the Industrial Commission act ?
Section 1465-61, General Code, defines the word “employe”:
“The terms ‘employe/ ‘workman’ and ‘operative’' as used in this act, shall be construed to mean: * * *
“2. Every person in the service of any person, firm or private corporation, including any public service corporation employing five or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and also including minors who are legally permitted to work for hire under the laws of the state, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.”
The word “firm” is used in its ordinary sense as designating a partnership, or an association of persons acting together for a particular purpose, and not as a person or corporation. (People v. Strauss, 97 Ill. App., 47, 55, and Boyd v. Thompson & Coxe, 153 Pa. St., 78, 25 Atl. Rep., 769.) But a firm or partnership is not to be understood as an entity distinct from the persons who compose it. McCosker & Molloy v. Banks, 84 Md., 292, 35 Atl. Rep., 935, 936, and Stewart v. Katz, 30 Md., 334.
The plaintiff was a member of the “firm” doing the work in which he was engaged at the time he was injured. As such member of the “firm” he had entered into a contract to do this very work. As *313 such member of the firm he shared in the profit or loss of the venture.
Does the fact that he was acting as foreman of the men engaged in the work and receiving pay therefor, independent of his share of the profits, alter his rélation to the “firm” so that in respect to an injury he is to be treated as an employe ? We do not think so.
In doing the work in which he was engaged he was acting under his contract with his partners as a member of the partnership. The fact that he received wages for his work is but an incident to the partnership contract, common in partnership transactions. He was doing the work of the firm of which he was a member. The firm was the employer, and the plaintiff Could not at the same time act in the dual capacity of employer and employe.
The English Workmen’s Compensation Commission had a similar question before it in the case of Ellis v. Joseph Ellis & Co., 7 W. C. C., 97, 99, 74 L. J. (K. B.), N. S., 229, 92 L. T., N. S., 718. The reasons for denying a recovery, stated in the opinion, are very pertinent to the instant case:
“An agreement between partners such as we have here, in which one partner agrees to do work for the partnership in respect of which he is to be paid what are called ‘wages,’ does not really create the relation of employers and employed. Such an arrangement is in reality nothing more than a mode of adjusting the accounts between the partners. It does not alter the fundamental position of each partner, which is that of a co-adventurer with each member of the partnership. A person who is a partner cannot put .himself in the position of not being a partner or into *314 the position of being a workman employed when he is really the person giving employment.”
In Cooper v. Industrial Accident Commission, 177 Cal., 685, 171 Pac. Rep., 684, the plaintiff, a member of a mining partnership, was sent by his associates to examine a mine, for which he was to receive pay. He was killed at the mine by machinery owned and operated by the firm of which he was a member, and his widow was denied a recovery under the California Workman’s Compensation Act. The following from the opinion, at page 687, is applicable here:
“The Workmen’s Compensation. Act clearly does not contemplate such a mixed relation as that existing between partners, wherein each member of the partnership is at the same time principa! and agent, master and servant, employer arid employe; and wherein each, in any services he may render, whether under his general duty' as a partner or under a special agreement for some particular service, is working for himself as much as for his associates in carrying on the business of the firm.”
It seems to us clear that the words “employer” and “employe,” as used in the Industrial Commission act of Ohio, refer only to cases in which the relation of master and servant, employer and employe, exists, in the usual acceptation of those terms, and cannot include one doing the work of the employer, firm, or partnership of which he is a member.
The demurrer to the petition was properly sustained, and the judgment is affirmed.

'Judgment affirmed.

Farr and Pollock, JJ., concur.