[S. F. No. 11732.    In Bank.—February 25, 1926.]

GERDA E. JOHNSON et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—WORKING PARTNER RECEIVING WAGES—SCOPE OF COMPENSATION ACT—CONSTITUTIONAL LAW.— Partners, by express contract, may agree that one partner receive compensation for his services; and the portion of section 8 (b) of the Workmen's Compensation Act which classes a working member of a partnership receiving wages irrespective of profits as an "employee" and brings him within the scope of the Compensation Act, is constitutional.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission denying compensation for death.    Order set aside.

The facts are stated in the opinion of the court.

Theo. M. Monell for Petitioners.

Warren H. Pillsbury, F. M. Angellotti and H. C. Kelsey for Respondents.

Redmond & Alexander, *Amici Curiae.*

WASTE, C. J.—Petitioners, who are the surviving wife and children of Axel Johnson, filed with the Industrial Accident Commission an application for the adjustment of a claim for workmen's compensation asserted to be due on account of the death of Johnson, alleged to have been caused during the course of his employment as a member of a copartnership consisting of the E. B. & A. L. Stone Company, one of the respondents herein, and said deceased. Claim for compensation was made under the definition of the term "employee" found in section 8 (b) of the Work-

1. Members of partnership as employees within meaning of workmen's compensation acts, note, L. R. A. 1918F, 204. See, also, 28 R. C. L. 765.

men's Compensation Act, which provides that "a working member of a partnership receiving wages irrespective of profits from such partnership, shall be deemed an employee within the meaning of this section." The respondent Commission denied an award and dismissed the application upon the ground that the quoted language was within the condemnation of previous decisions of this court holding other portions of the same section unconstitutional. This proceeding in *certiorari* was thereupon instituted to test the correctness of the Commission's ruling.

There is no dispute as to the facts involved. It is admitted that the decedent Johnson was a working partner with the respondent Stone Company under a contract providing that Johnson was to furnish a towboat owned by him, and to operate a lighter of the respondent Stone Company, and to pump sand and gravel which was to be sold, the proceeds, after deducting certain expenses provided for in the contract, to be equally divided between the Stone Company and Johnson. The contract further provided that Johnson was to receive a salary of $150 a month, which amount was one of the items of expenses allowed in the contract, which were to be equally divided. It is conceded that the injuries sustained, and proximately causing the death of the decedent, were sustained by him while acting as such partner. [1] The sole question presented to this court is the constitutionality of that portion of section 8 (b), *supra*, which classes a working member of a partnership receiving wages irrespective of profits as an employee, and brings him within the scope of the application of the Compensation Act, which was not added to the statute until 1917 (Stats. 1917, p. 835).

Our Workmen's Compensation Act, like those of most of the states, followed closely the English acts of Parliament upon the same subject matter. The English courts have uniformly held against compensation being awarded working members of partnerships. On the authority of one of the leading English cases, *Ellis* v. *Ellis Co.*, [1905] 1 K. B. 324, 7. W. C. C. 97, this court decided that the provisions of the Workmen's Compensation Act, prior to the amendment of 1917, were not applicable when the person injured was in the position of both employer and employee; and held that one partner could not recover compensation from

the partnership of which he was a member for injuries received while performing services for it. (*Cooper* v. *Industrial Acc. Com.*, 177 Cal. 685, 689 [171 Pac. 684].) The situation has, however, been materially changed by the amendment of 1917, which makes a working partner, receiving wages from the partnership, irrespective of profits, an "employee" within the definition of that term as used in sections 6 to 31 of the Workmen's Compensation Act.

Almost the precise question presented by this proceeding in review was considered in *Gallie* v. *Detroit Auto Accessory Co.*, 224 Mich. 703 [195 N. W. 667]. The court was there required to pass upon an amendment to the Workmen's Compensation Law of Michigan (Pub. Acts 1921, No. 173), providing that members of partnerships receiving wages, irrespective of profits, came under the application of the act, which defined an "employee" to mean "every person in the service of another under any contract of hire, express or implied." The court said: "It is somewhat anomalous to say that a partner may, as a member of the firm, be an employer, and as such come within the compensation law, and, then, if he works for the firm for wages, be also an employee within the meaning of the act, but the compensation law so provides, and it is evidently based on the holdings that a partner may, by special agreement, be entitled to wages for services rendered the firm, even though such compensation must be worked out in an accounting between the partners." To the same effect is *Ohio Drilling Co.* v. *State Industrial Com.*, 86 Okl. 139 [25 A. L. R. 367, 207 Pac. 314], where the court said: "We think that the construction of the Workmen's Compensation Act that a member of a partnership, who works for the partnership, and while so engaged is injured, is not an employee within the meaning of the act, is an exceedingly narrow construction of the act, where the sole reason therefor is that stated in the British case, *supra* [*Ellis* v. *Ellis Co., supra,*] that a member of the partnership cannot place himself into the position of being a workman employed when he is one of the persons giving the employment. . . . We see no good reason why the members of a partnership cannot jointly or severally perform the work or labor incident to the success of the joint undertaking and at the same time draw wages from the earnings of the partnership."

Respondents have cited two cases in which the opposite
(English) rule has been followed: *McMillen* v. *Industrial
Com.,* 13 Ohio App. 310, and *Le Clear* v. *Smith,* 207 App.
Div. 71 [202 N. Y. Supp. 514]. These were both de-
cisions of an intermediate appellate court and do not state
what we believe must be the rule under our own statute.

It has frequently been held that partners, by express con-
tract, may agree that one partner receive compensation for
his service. (*Nevills* v. *Moore Min. Co.,* 135 Cal. 561, 564
[67 Pac. 1054] ; 20 Cal. Jur. 735.) That being so, no good
reason appears to us why the legislature may not classify a
working member of a partnership as an employee within the
meaning of the Compensation Act. Nor does it appear to
us that in so doing it thereby attempts to enforce a liability
on the part of any person not an employer to compensate
persons who do not sustain to him the relation of an em-
ployee—something it cannot do. (*Employers' Liability
Assur. Corp.* v. *Industrial Acc. Com.,* 187 Cal. 615, 617
[203 Pac. 95].) Section 21 of article XX of the constitu-
tion vests the legislature "with plenary power, unlimited
by any provision of this constitution, to create and enforce
a complete system of workmen's compensation, by appropri-
ate legislation, and in that behalf to create and enforce a
liability on the part of any or all persons to compensate
any or all of their workmen for injury or disability, and
their dependents for death incurred or sustained by said
workmen in the course of their employment." The Work-
men's Compensation Act, and every part and section thereof,
when interpreted by the court, must be liberally construed
"with the purpose of extending the benefits of the act for
the protection of persons injured in the course of their
employment." (Workmen's Compensation Act, sec. 69.)
This court cannot hold that a working member of a part-.
nership, receiving wages irrespective of profits from such
partnership, shall not be deemed an employee within the
meaning and scope of the act without doing violence to
both the constitution and the provisions of the act itself.

The more recent decisions of this court, relied on by re-
spondents, are not in point. Some general language used
in *Flickenger* v. *Industrial Acc. Com.,* 181 Cal. 425 [19
A. L. R. 1150, 184 Pac. 851], lends apparent support to their
contention, but the court was there dealing with the question

whether or not the legislature could enlarge the meaning of the term "employee" by restricting the definition of what constitutes an "independent contractor" so as to bring the latter within the application of the Compensation Act. The other decision, *Employers' Liability etc. Corp.* v. *Industrial Acc. Com., supra,* merely held that the Commission had no jurisdiction to entertain an application or to make an award of compensation to a member of a partnership, where such partner was not an employee of the firm at the time of his injury, but an equal member performing, without wages, his part of the work and business, and to receive and receiving his only reward therefor out of an equal division of the profits.

We conclude, therefore, that at the time the decedent Johnson received the injuries resulting in his death he was subject to the provisions of the Workmen's Compensation Act. Consequently, the respondent Industrial Accident Commission had jurisdiction of the application for adjustment of compensation filed by the petitioners herein. Its order dismissing the claim of the applicants, the petitioners here, is set aside, and the case is remanded for further proceedings before the Commission in keeping with the views herein announced.

Shenk, J., Seawell, J., Curtis, J., Lawlor, J., Lennon, J., and Richards, J., concurred.

Rehearing denied.