**BERGER et al. v. FIDELITY UNION CASUALTY CO. et al.** (No. 8911.)

Court of Civil Appeals of Texas. Galveston. March 5, 1927.

Master and servant ⬅361—Member of employer firm cannot be "employee" within Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8309, § 1).

A member of an employer firm cannot be an "employee" thereof within Workmen's Compensation Law, in view of definition in part 4 thereof, Vernon's Ann. Civ. St. 1925, art. 8309, § 1, both of "employee" and "employer."

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Action by Mrs. Ida Berger and others against the Fidelity Union Casualty Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Rucks & Enlow, of Angleton, for appellants. Collins & Houston, of Dallas, for appellees.

LANE, J. This suit was instituted by Mrs. Ida Berger, the surviving wife of one O. J. Berger, hereinafter referred to, for herself and as next friend of the minor children of her deceased husband and herself, to wit, Leroy, Edwina, Elvira, and Marvin, against the Fidelity Union Casualty Company, hereinafter, for convenience, referred to as the Casualty Company, and the Employers' Indemnity Corporation, hereinafter referred to as the Indemnity Company, to recover the sum of $5,400 upon a certain policy of insurance issued by the Casualty Company to the City Light & Gin Company, a subscriber under the Workmen's Compensation Act of the State of Texas (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), by which it contracted and agreed to promptly pay to any employee of the Light & Gin Company any sum that might become due such employee under the

provisions of the Workmen's Compensation Act.

The plaintiff alleged that O. J. Berger was, on the 12th day of September, 1922, an employee of the City Light & Gin Company, a copartnership composed of Lee Farrer and F. Kiber; that on said date O. J. Berger was killed by an explosion while in performance of his duties as such employee, and that at the time of the death of Berger the policy above mentioned was in full force and effect and that the Indemnity Company, by its indorsement on said policy, agreed in writing to pay all losses incurred under the same which might be in excess of the assets of the Casualty Company available for application to the payment of such losses. Plaintiff further alleged that though the policy recites that the City Light & Gin Company is a copartnership composed of O. J. Berger, Lee Farrer, and F. Kiber, such recital is erroneous, in that as a fact O. J. Berger was not at the time of the execution of the policy, nor at the time of his death, a member of said copartnership, and that the recital that Berger was such member was erroneously written into the policy by the Casualty Company through the mutual error and mistake of the parties to the contract. Plaintiff alleged that at the time of his death O. J. Berger was receiving from his employers the sum of $150 per month for his services; that while so employed it was the duty of Berger to manage the operation of the plant, and act as engineer and electrician. She alleged the presentation of the claim of the plaintiff to the Industrial Accident Board and its refusal to allow plaintiff any award, and her notice to the board of her dissatisfaction with such refusal and her intention to, within the time prescribed by law, bring suit to set aside the ruling and decision of the board. She prayed that the ruling and decision of the Accident Board be set aside and that plaintiff be awarded judgment against defendants for the sum of $15 per week for 360 weeks, or the aggregate sum of $5,400, and that should the court hold that the policy contract names O. J. Berger as a member of the copartnership, such contract be so reformed as to eliminate the name of O. J. Berger therefrom, and that as so reformed the same be enforced.

The defendant Fidelity Union Casualty Company answered by general and special demurrers, general denial, and specially pleaded that for more than a year prior to the issuance of the contract sued on, and during the term of the contract up to the date of the death of O. J. Berger, the said Berger had led the defendants to believe by his representations that he was a member of the copartnership firm City Light & Gin Company and that said copartnership consisted of F. Kiber, Lee Farrer, and O. J. Berger, and by reason of said representation made by O. J. Berger, the defendant did not demand nor collect any premiums for risk of injury to the said Berger, as it would have done if Berger had been an employee; that the defendant had no means of knowing the status of Berger was other than he represented himself to be and was induced, to its prejudice, to issue the contract sued on and to leave same in force inuring to the benefit of Berger as an insured employee under the Employers' Liability Act; and that by reason thereof the plaintiffs were estopped from denying that the said O. J. Berger was other than a member of said copartnership City Light & Gin Company.

The cause was tried without a jury, and judgment was rendered for defendants. The plaintiffs have appealed.

Appellants present but two propositions upon which they urge a reversal of the judgment, to wit: (1) That the court erred in rendering judgment for appellees, in that the undisputed evidence shows that O. J. Berger, deceased, was at the time of his death an employee of the City Light & Gin Company, a copartnership composed of Lee Farrer and F. Kiber only, and that O. J. Berger was not a member of said copartnership, and therefore appellants, the surviving wife and children of O. J. Berger, were entitled to judgment against the Casualty Company for compensation by reason of the death of Berger. (2) That the court erred in rendering said judgment, in that, should this court conclude that the evidence was sufficient to sustain the finding of the trial court that Berger was a member of the copartnership of City Light & Gin Company, the undisputed evidence shows that Berger was also an employee of said copartnership whose duties included that of engineer in operating the gas engine at the plant of the company, as well as performing other labor as such employee, in addition to his duties as general manager of the company; and that being so engaged at the date of his death, appellants were entitled to judgment against the appellees who had insured the employees of the City Light & Gin Company.

We have carefully examined the evidence recited in the briefs of both parties and also the evidence disclosed by the statement of facts, and after such examination have reached the conclusion that there is ample evidence to support a finding that O. J. Berger was at the time the policy was issued by the Casualty Company, and at the time of his death, a member of the copartnership of City Light & Gin Company. We therefore overrule appellants' contention that the undisputed evidence shows that Berger was not a member of the copartnership, City Light & Gin Company.

We also overrule appellants' contention that, admitting that Berger was a member of said copartnership, nevertheless appellants were entitled to a recovery in that Berger was also an "employee," as that term is used in the Workmen's Compensation Statute.

The words "employer" and "employee" are defined in section 1 of article 8309, part 4, of the Compensation Act, as follows:

" 'Employer' shall mean any person, firm, partnership, association of persons or corporations or their legal representatives that makes contracts of hire.

" 'Employee' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written, except masters of or seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is not in the usual course of trade, business. profession or occupation of his employer."

In 15 A. L. R. at page 1293, it is said:

"Workmen's Compensation Acts have been held inapplicable in the case of a partner seeking compensation for injuries from the firm of which he is a member. For English cases on this point, see infra.

"Thus, in Cooper v. Industrial Acci. Commission (1918) 177 Cal. 685, 171 P. 684, it was held that there could be no recovery under the statute for the death of a partner in a mining company who was killed while inspecting a mine belonging to the company, to which he had been sent under an agreement for payment of his expenses on the trip and an allowance of $5 per day for his time, as the deceased was not an employee of the firm of which he was a member within the meaning of the act. It was said: 'The Workmen's Compensation Act clearly does not contemplate such a mixed relation as that existing between partners, wherein each member of the partnership is at the same time principal and agent, master and servant, employer and employee; and wherein each, in any services he may render, whether under his general duty as a partner or under a special agreement for some particular service, is working for himself as much as for his associates in carrying on the business of the firm. The obvious intent of the act was to substitute its procedure for the former method of settling disputes arising between those occupying the strict relationship of master and servant, or employer and employee, by means of actions for damages. * * * The law relative to compensation as between master and servant, or employer and employee, for injuries suffered by the latter, contemplates two persons standing in this opposed relation, and not the anomaly of one person occupying the dual relation of master and servant, employer and employee, plaintiff and defendant, person entitled to a judgment or award in his favor and person bound to pay a part thereof out of his own proportionate share of the partnership property, and the balance, amounting possibly to the whole thereof, out of his own individual estate. Evidently the Workmen's Compensation Act did not contemplate these anomalies in its ample and detailed provisions for compensation to injured workmen and to those dependent upon them.'

"It has been frequently held, said the court in Rockefeller v. Industrial Commission (1921) [58 Utah, 124] 197 P. 1038, that partners are not employees within the purview of Compensation Acts, and that this is so even though the partner is paid a specific amount per day or week; that upon principle these decisions are sound if for no other reason than that one can-

not at the same time be employer and employee or master and servant."

In 25 A. L. R. page 379, it is said:

"In the earlier annotation on this question it is said that Workmen's Compensation Acts have been held inapplicable in the case of a partner seeking compensation for injuries from the firm of which he is a member. The earlier cases supporting that doctrine are there set out. Since the preparation of that annotation, several cases have been decided in which the view has also been taken that partners are not employees within the meaning of Workmen's Compensation Acts: Employers' Liability Assur. Corp. v. Industrial Acci. Commission (1921) 187 Cal. 615, 203 P. 95; McMillen v. Industrial Commission (1920) 13 Ohio App. 310; Millers' Indemnity Underwriters v. Patten (Tex. Civ. App. 1922) 238 S. W. 240."

Again:

"In McMillen v. Industrial Commission (1920) 13 Ohio App. 310, supra, a partner was held not an employee within the meaning of the Workmen's Compensation Act, where it appeared that he was a member of a partnership composed of three members, whose business was the construction of improved roads, that the capital of the firm was contributed in equal amounts by the members, that each member shared equally in the profits and losses; that it was agreed between the plaintiff (the partner who was injured) and the other members of the firm that the plaintiff should devote his entire time to the affairs of the company, and act as foreman of the employees on all work done on contracts, for which he was to receive wages at the rate of $5 per day; that the firm employed more than five workmen; and that while acting as foreman, in charge of certain work under a contract, the plaintiff received the injury in question. It was held that the petition alleging these facts as the basis for a claim before the industrial commission was subject to demurrer. The court said: 'The plaintiff was a member of the "firm," doing the work in which he was engaged at the time he was injured. As such member of the "firm" he had entered into a contract to do this very work. As such member of the firm he shared in the profit or loss of the venture. Does the fact that he was acting as foreman of the men engaged in the work, and receiving pay therefor, independent of his share of the profits, alter his relation to the "firm" so that in respect to an injury he is to be treated as an employee? We do not think so. In doing the work in which he was engaged, he was acting under his contract with his partners as a member of the partnership. The fact that he received wages for his work is but an incident to the partnership contract, common in partnership transactions. He was doing the work of the firm of which he was a member. The firm was the employer, and the plaintiff could not at the same time act in the dual capacity of employer and employee.' "

In the case of Millers' Indemnity Underwriters v. Patten, 238 S. W. 240, it was held by our Court of Civil Appeals at Amarillo that one who is a partner with a company operating a cotton gin, wherein he is accidentally killed, is not an employee of the com-

pany within the Workmen's Compensation Law. The case was carried by writ of error to the Supreme Court. 250 S. W. 154. The Supreme Court found that the injured party was not a partner of the company as found by the Court of Appeals, and, upon such finding, reversed the judgment of the Court of Appeals. Although reversing the judgment of the Court of Appeals' upon its finding that the injured party was a partner, the Supreme Court, we think, clearly indicated an approval of the holding of the Court of Appeals that one who is a partner in a copartnership cannot be an employee of such copartnership within the meaning of the Workmen's Compensation Law.

In view of the matters we have mentioned, we deem it unnecessary to discuss reasons assigned by appellees in support of the judgment, other than those already considered by us; and believing that the reasons above expressed are sufficient reasons for affirmance of the judgment, the same is in all things affirmed.

Affirmed.