THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of THOMAS FOGARTY, Plaintiff, *v.* ABRAHAM KAPLAN, Defendant.

Municipal Term of Court of Special Sessions of New York, Borough of Brooklyn, April 22, 1936.

*John J. Bennett, Jr., Attorney-General* [*Ruth Waters, Deputy Attorney-General,* of counsel], for the plaintiff.

*Samuel Kornblum,* for the defendant.

PERLMAN, C. M. The defendant is charged with failing to secure the payment of compensation for his employees in violation of section 50 of the Workmen's Compensation Law.

The defendant claims that the persons with whom he was engaged in demolishing certain premises were not his employees but his partners under a written partnership agreement dated the 15th day of October, 1935, under which the parties to the agreement agreed to share equally in the " obligations and profits " incurred or received in connection with the demolition of the building for which the partners contracted.

The People contend that the alleged partnership is fictitious and created as a subterfuge to evade the requirements of section 50 of the Workmen's Compensation Law.

The defendant readily admits that the partnership was created to save the heavy expenses of compensation insurance.

The courts of this State have consistently held that a member of a partnership cannot be an employee thereof within the contemplation of the Workmen's Compensation Law. (*Lyle* v. *Lyle Cider & Vinegar Co.*, 243 N. Y. 257; *Matter of Munter* v. *Ideal Peerless Laundry*, 229 App. Div. 56; *Matter of Duprea* v. *Duprea Bros.*, 224 id. 673.)

It, therefore, follows that even though the partnership was created to evade the requirements of the Workmen's Compensation Law, no liability may be imposed if in truth and in fact a partnership was created. (*Jenkins* v. *Moyse*, 254 N. Y. 319.)

While this plan of forming partnerships has become a habit of this particular defendant, there is not sufficient legal evidence to justify a holding that no partnership was in fact or in law created. Undoubtedly, the laborers consented to this arrangement in order to obtain employment. But all of the facts including the documentary evidence and the testimony of the laborers themselves by which I must be guided support the claim of a partnership rather than oppose.

It is fortunate that none of the laborers who were allegedly partners in the demolition of the building were injured. Undoubtedly, if they did sustain injuries, they would look for aid to the State and not to the defendant.

I do not desire to condone the actions of the defendant. His plan of saving the cost of compensation insurance not only furnishes no protection to the laborers, but enables him to compete unfairly with contractors who comply strictly with our laws and statutes and who do not seek refuge in such subterfuges.

Unfortunately, however, the record in this case furnishes no basis for a contrary holding. In another case, other elements not established in this case might be present which would justify the court in disregarding the written partnership agreement. The question is one of degree. (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60.)

The anomalous situation which adherence to the common-law conception creates may be remedied by legislative action and all disputes avoided. In California, the Workmen's Compensation Law was amended to include working members of a partnership. (*Johnson* v. *Industrial Accident Commission of California*, 198 Cal. 234; 244 P. 321. See, also, *Thurston* v. *Detroit Asphalt & Paving Co.*, 226 Mich. 505; 198 N. W. 345.)

I recommend that a similar amendment be enacted by our Legislature immediately.

Accordingly, I am constrained to dismiss the information and discharge the defendant.