## Wardrop v. State Workmen's Insurance Fund

Before McKenrick, P. J., Griffith, J., and Mc-Donald, J.

*Harry A. Englehart, Jr.*, for appellant.

*Ferdinand Bionaz*, for appellee.

McDONALD, J., January 10, 1958.—This is an appeal from an order of the Workmen's Compensation Board affirming an award to Olive Wardrop, claimant, widow of David Wardrop, who was killed in a mine accident.

Decedent, together with Thomas Weaver, Bill Kleman and Lester Poorman, leased a house-coal mine from the Cambria Mining and Manufacturing Company of Benscreek. The mine was operated as a co-partnership, each of the partners performing labor work.

On March 31, 1955, the State Workmen's Insurance Fund issued a workmen's compensation policy to "David Wardrop T/A Rock Tunnel Coal Company." The declarations upon which this policy was issued indicate it was an "individual" proprietorship. A premium of $250, calculated on an annual payroll of $6,000, which approximated the return to the aforesaid partners, was paid. At the time this policy was issued the only persons performing labor in the mine were decedent and his partners. Subsequently, four

other men were employed. In addition to the usual standard provisions, the policy contained the following:

"CONDITIONS x x x x 2. PARTNERSHIP OR JOINT VENTURE AS INSURED: If the insured is a partnership or joint venture, such insurance as is afforded by this policy applies to each partner or member thereof as an insured only while he is acting within the scope of his duties as such partner or member."

The referee, in awarding compensation, made the following findings of fact and conclusion of law:

"Sixth: That from the evidence your referee finds that the decedent, David Wardrop, William Kleman, Thomas Weaver, Jr., and Lester Poorman, was a partnership by verbal agreement among them and that this mine was operated as such; that the decedent, as well as the other partners, according to their agreement, worked at operating the mine, and at the time of his fatal accident the decedent was acting within the scope of his duties as a partner.

"Seventh: That from the evidence your referee finds that the decedent believed, or was led to believe, that he was covered by the insurance policy with the State Workmen's Insurance Fund; that the substantial pay- State Workmen's Insurance Fund.
roll premium bears out the reasonableness of the decedent being insured, and therefore, the provisions of the Workmen's Compensation Act were accepted and applicable in this case, as between the decedent and the

*"CONCLUSION OF LAW*

"In view of the foregoing facts your referee concludes as matters of law that since the decedent in this case was a member of a partnership that operated a coal mine in which the decedent met with fatal injuries, and which mine was covered by policy of workmen's compensation insurance with the State Workmen's Insurance Fund that provides for the coverage

in said policy of a partner while acting within the scope of his duties as such partner, his dependent widow is entitled to recover compensation under the provisions of Section 307 of the Workmen's Compensation Act in force and effect on January 5th, 1956."

Upon review of the record we are satisfied there is sufficient competent evidence to sustain the findings that decedent was a member of a copartnership which operated the mine and while acting within the scope of his duties as a partner, which was the performance of labor in the mine, he sustained a fatal injury.

The seventh finding of fact above recited is a mixed finding of fact and conclusion of law. The referee, after finding certain facts which are supported by the evidence, concludes from these that "the provisions of the Workmen's Compensation Act were accepted and applicable in this case, as between the decedent and the State Workmen's Insurance Fund." While the question of estoppel might be raised against defendant in a proper proceeding it does not necessarily follow as a *fact* that even though decedent "believed or was led to believe," that he was covered by the policy, or, "that the substantial payroll premium bears out the reasonableness" of this belief, that the provisions of the act were accepted and applicable. Whether the act is applicable depends upon its provisions and these may not be extended or limited by the understandings of the parties or provisions in a policy which go beyond the scope of the act.

Appellant contends in its exceptions, inter alia, that the board erred in finding decedent was an employe within the meaning of the act. Both appellant and appellee have submitted well-reasoned briefs arguing this point, pro and con. However, our review of the referee's findings fails to reveal that such a fact was found. This is a necessary prerequisite to bring the claim under the provisions of The Pennsylvania Work-

men's Compensation Act. Under section 103 of The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, 77 PS §21, an employer is defined as follows:

"The term 'employer,' as used in this Act is declared to be synonymous with master, and to include natural persons, partnerships, joint-stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it."

Section 104 of the act, 77 PS §22, defines an employe as follows:

"The term 'employe,' as used in this act is declared to be synonymous with servant, and includes—

"All natural persons, who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished or repaired, or adapted for sale in the worker's own home, or on other premises, not under the control or management of the employer."

Thus the relationship of employer-employe, or master-servant, must be established before an award may be made. No such distinct and unequivocal finding was here made.

From a review of the referee's findings and conclusion it appears compensation was awarded on the basis of a fatal accident sustained while decedent "was acting within the scope of his duties as a partner." The Uniform Partnership Act of March 26, 1915, P. L. 18, sec. 6, 59 PS §11, defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." Thus, if the award is made because decedent was acting within the scope of his duties as a partner, which is synonymous with co-

owner, it goes far beyond the purpose of The Pennsylvania Workmen's Compensation Act. If the referee means that decedent was an employe of the partnership of which he was a member, then the question of whether a partner may also be an employe of the partnership-employer becomes pertinent. To assume this was the import of the referee's finding would be conjecture. While both appellant and appellee have assumed this in their argument, if we are to decide it as a matter of law, the record must be remitted to the board for a more specific finding.

Both the sixth finding of fact and the conclusion of law indicate the award is made on an interpretation of the insuring agreement quoted above as "conditions-2", holding that the coverage afforded by the policy applies to each partner while acting within the scope of his duties as such partner. We do not at this time pass on the interpretation of this provision, since as indicated above, it is not clear this is the only basis upon which compensation was awarded. However, if the award is made to a partner, co-owner of the business, then the Workmen's Compensation Board lacks jurisdiction. In Thompson v. Parke, 131 Pa. Superior Ct. 81, wherein the insurance company endorsed its workmen's compensation policy with a voluntary compensation coverage insuring farm labor, the lower court reversed the board and dismissed a claim petition for injuries to an agricultural worker. The judgment was affirmed by the Superior Court which stated as follows, on pages 83-84:

"The endorsement did not and could not confer jurisdiction on the compensation board. The legislature unequivocally said that the board is not authorized to hear and determine claims arising from employment in agriculture. That is decisive; its jurisdiction cannot be changed or enlarged by contract

or consent. 'It is a well settled principle of law that parties to a suit cannot by consent confer jurisdiction with respect to the subject-matter of litigation, either by stipulation or agreement; as jurisdiction is fixed by law, it is beyond the control of the parties.' " See also Gnagey v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co., 332 Pa. 193.

Thus, if the award in the case at bar is based solely on an interpretation of the aforesaid provision in the policy that coverage is afforded to partners acting within the scope of their employment as partners, then, in effect, it is an extension and enlargement of the jurisdiction of the board by agreement. This may not be accomplished without legislative enactment.

In New York the Workmen's Compensation Law has been amended so that employers who perform labor "incidental to their occupations" are covered, provided the policy contains a specific provision to this effect: Lyle v. H. R. Lyle Cider & Vinegar Co., 243 N. Y. 257, 153 N. E. 67. In Oklahoma, Michigan and California, amendments to the Workmen's Compensation Laws provided that partners who perform work for the partnership and receive wages irrespective of the profits of the partnership may come under the provisions of the law. See Gallie v. Detroit Auto Accessory Co., 224 Mich. 703, 195 N. W. 667; Wilcox v. Wilcox Brothers, 232 Mich. 140, 205 N. W. 90; Knox & Shouse v. Knox, 120 Okla. 45, 250 Pac. 783; Johnson v. Industrial Accident Commission, 198 Cal. 234, 244 Pac. 321. However, there being no such amendment to the Pennsylvania act, appellant even if it intended such an interpretation of the aforesaid provision of the policy, which it opposes in its argument, could not extend the jurisdiction of the board. In Schleifer v. Zoning Board of Adjustment, 374 Pa. 277 (280) the court stated:

"It must be recognized that jurisdiction of the subject matter cannot be conferred upon a court by agreement,—contra as to jurisdiction of the person: Oteri Appeal, 372 Pa. 557, 94A. 2d 772; Bluestone v. DeRoy, 298 Pa. 267, 271, 148A. 110; Wolfe v. Lewisburg Trust & Safe Deposit Co., 305 Pa. 583, 588, 158A. 567; Thompson v. Parke, 131 Pa. Superior Ct. 81, 83, 84, 198A. 819."

Thus, if this award is based solely on the aforesaid provision of the policy, recovery could only be by action of assumpsit and not under the procedure of The Pennsylvania Workmen's Compensation Act.

Since we may not in this review find facts and it is necessary, before we can determine the questions of law raised by this appeal, that the Workmen's Compensation Board determine the status of decedent, whether partner, employer or employe, we think therefore, the case should go back to the end that the facts may be fully, distinctly and unequivocally found with reference to the following questions:

1. Was decedent at the time of his death an employe of the copartnership of which he was a member?

2. Or, was decedent at the time of his death acting within the scope of his duties as a partner?

And if, in order to determine these questions, additional evidence is required, a hearing de novo should be granted.

### Order

Now, January 10, 1958, the court being of the opinion that the findings of fact by the referee and the board are not sufficient to enable it to decide all the questions of law raised by the appeal, it is ordered that the record be remitted to the Workmen's Compensation Board to the end and with the direction that it shall make, or cause to be made, more specific findings of fact touching the questions that are stated in the opinion herewith filed.