[L. A. No. 5342. In Bank.—March 6, 1918.]

## EVA L. COOPER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—MINING PARTNERSHIP — INJURY TO ONE PARTNER—PARTNER NOT AN EMPLOYEE.—Where a mining partnership sent one of its members to examine a mine owned by the partnership, agreeing to pay his expenses and five dollars a day for his time, and he was killed at the mine by machinery owned and operated by the partnership, the Industrial Accident Commission properly held, on an application by his widow for relief against the partnership and its insurer, that the deceased was not an employee within the meaning of the Workmen's Compensation Act (Stats. 1913, p. 284, sec. 14).

APPLICATION for Writ of Review against the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Willis I. Morrison, for Petitioner.

Schweitzer & Hutton, Redman & Alexander, and Christopher M. Bradley, for Respondents.

RICHARDS, J., *pro tem.*—This is a petition for a writ of *certiorari* by which we are asked to review the action of the Industrial Accident Commission in its order denying relief to the petitioner herein, who was the applicant before it. The facts of the case are undisputed and present but one question for our determination. The applicant, Eva L. Cooper, is the widow of one W. L. Cooper, deceased. Said

W. L. Cooper was at one time the owner of certain mining claims located in the county of Inyo. In the month of October, 1916, he took part in the organization of a mining partnership formed for the purpose of taking over his said mining claims, of which partnership he then became, and up to his death continued to be, one of the members. Within a month or so after the formation of this partnership its superintendent made certain reports as to conditions at the mine, which led the members of the firm to request Mr. Cooper, who was a practical mining engineer, to go to the mine and resample it and verify certain of his former reports, upon the strength of which the property had been taken over by the partnership. It was agreed that his expenses on the trip should be paid by the firm, and also that he should be allowed five dollars per day for his time, the latter amount to be paid out of the proceeds of certain shipments of ore which the firm was about to make. Cooper went to the mine pursuant to this arrangement, and while there was injured through the operation of a bucket tram owned and operated by the firm of which he was a member, from which injuries he died. His widow thereupon applied to the Industrial Accident Commission for relief against the partnership, and its insurer, the Ocean Accident and Guarantee Corporation. Upon the hearing the commission denied relief to the applicant upon the sole ground "that at the time of his injury and death said W. L. Cooper was a member of said copartnership, and therefore was not an employee of such copartnership within the meaning of section 14 of the Workmen's Compensation, Insurance and Safety Act, and this commission is without jurisdiction over the parties hereto." This presents as the sole matter for review the following question: "Does a member of a partnership performing services for it under an agreement such as that here presented come within the terms of the Workmen's Compensation Act so as to entitle his widow to compensation from the firm of which he is a member, and from its insurer, against injuries to its employees? In other words, was the deceased an employee of the firm of which he was a member, within the intent and meaning of the Workmen's Compensation Act?

We are constrained to hold that the Industrial Accident Commission was correct in its conclusion upon this subject.

Ordinarily the relation between a partnership and its members performing services for it is not the relation of employer and employees.  The definition of the term "partnership" as "an association of two or more persons for the purpose of carrying on business together and dividing its profits between them," implies that each of its members shall render such services to the firm as he is able, and without compensation, in the absence of special agreements to the contrary. In the rendition of such services the partner is acting in no sense in the capacity of a servant or employee subject to the direction, or it may be discharge, of his firm acting as his master or employer.  This court has held that in the absence of a special agreement to the contrary, one partner may not recover against his firm or fellow-partners for the value of any services he may have rendered to the partnership (*Nevills* v. *Moore Min. Co.*, 135 Cal. 561, [67 Pac. 1054]), and has further decided that even in the case of a contract for particular services at an agreed salary, an action at law was not maintainable by a partner thereon until there had been an accounting and settlement of the partnership affairs. (*Dukes* v. *Kellogg*, 127 Cal. 563, [60 Pac. 44]; *Ross* v. *Cornell*, 45 Cal. 133.)

The Workmen's Compensation Act clearly does not contemplate such a mixed relation as that existing between partners, wherein each member of the partnership is at the same time principal and agent, master and servant, employer and employee; and wherein each, in any services he may render, whether under his general duty as a partner or under a special agreement for some particular service, is working for himself as much as for his associates in carrying on the business of the firm.  The obvious intent of the act was to substitute its procedure for the former method of settling disputes arising between those occupying the strict relationship of master and servant, or employer and employee, by means of actions for damages, with their pleas of negligent acts or omissions in the way of providing suitable places to work, or proper appliances and the like; and with their defenses of assumed risks or of the negligence of fellow-servants, or of contributory negligence; and with the uncertainties or inequities incident to jury trials; all elements of damage, defense, or consequence, which obviously could not arise out of the partnership relation.

The instant case illustrates this aptly. The decedent was fatally injured through the giving way of the standards of a bucket tram being operated at the time, by reason either of its improper construction or negligent operation. Had the decedent survived to sue for his injury, he could not recover against his firm or his associates upon the plea that the appliance was defectively constructed, for the reason that as a member of the firm he was as fully responsible for such defects as were his fellow-members thereof; nor could he recover for the negligent operation of the appliance by the employees in charge of it, for they were his own employees as much as they were the employees of his fellow-partners; nor, as to such employees, could he be said to be a fellow-employee, without involving the legal aspects of the case in hopeless contradictions. In a word, the law relative to compensation as between master and servant, or employer and employee for injuries suffered by the latter, contemplates two persons standing in this opposed relation, and not the anomaly of one person occupying the dual relation of master and servant, employer and employee, plaintiff and defendant, person entitled to a judgment or award in his favor and person bound to pay a part thereof out of his own proportionate share of the partnership property and the balance, amounting possibly to the whole thereof, out of his own individual estate. Evidently the Workmen's Compensation Act did not contemplate these anomalies in its ample and detailed provisions for compensation to injured workmen and to those dependent upon them. We are cited to numerous cases by the appellant bearing upon the question of the power of a partner to make a contract of employment with his firm, but to no cases which hold that such a person when injured in the course of such service would be entitled to compensation under any of the various Workmen's Compensation Acts which have come into existence in this country and in England of recent years. On the other hand, our attention is directed by the respondent to the fact that the Workmen's Compensation Act of this state is derived from the English act of parliament upon the same subject, and that said act has been there construed as inapplicable to a partner seeking compensation for injuries from the firm of which he is a member. In the case of *Ellis* v. *Ellis Co.*, 7 W. C. C. 97, which was practically identical as to its facts

with the case at bar, it was said: "The question is whether the deceased can be considered as a 'workman' within the act, and the members of the partnership as his employers. The act is not applicable to such a case as the present, where the person injured is in the position of both employer and employed. An arrangement between partners such as we have here, in which one partner agrees to do work for the partnership in respect of which he is to be paid what are called 'wages,' does not really create the relation of employers and employed. Such an arrangement is, in reality, nothing more than a mode of adjusting the accounts between the partners. It does not alter the fundamental position of each partner, which is that of a coadventurer with each member of the partnership. A person who is a partner cannot put himself into the position of not being a partner, or into the position of being a 'workman' being employed when he is really the person giving employment. The whole act depends upon the difference of the relation of employer and employed. Section 1 contemplates a relation between two parties, between an employer and the person whom he employs, and I do not think that one person can be both employer and employed. It is only necessary to analyze the position of the deceased to see that he cannot be a 'workman.' He was not a person in the employment of employers such as is contemplated by the act."

We are in accord with these views and adopt them as applicable to our local statute and to the instant case. It follows that the application for a writ should be dismissed and the order of the commission affirmed.

It is so ordered.

Wilbur, J., Shaw, J., Sloss, J., Melvin, J., and Angellotti, C. J., concurred.