In the Matter of the Claim of IRVING SKOUITCHI against CHIC CLOAK AND SUIT COMPANY et al., Respondents.

THE STATE INDUSTRIAL COMMISSION, Appellant.

**Workmen's Compensation Law — officer of corporation who does ordinary work of employee and is injured entitled to compensation — findings should state in what capacity wages were paid.**

1. The. amendment to section 54 of the Workmen's Compensation Law (Cons. Laws, ch. 67), which permits the insurance of " employers who perform labor incidental to their occupations," was intended to cover the case of an employer who maintained his status as such but who nevertheless did some work of the character usually performed by an employee.

2. A corporation is a complete entity separate and distinguishable from its stockholders and officers and if it sees fit may have one of them serve it in the capacity of an ordinary employee.   In such a case he comes within the benefits of the general provisions of the Workmen's Compensation Law.

3. Where, therefore, a corporation employs a " general manager," but requires him to perform ordinary detail and manual work such as would be required of a typical employee and he is injured in so doing, he is entitled to secure compensation under the general provisions of the Compensation Law and his case is not governed by or dependent upon the amendment of 1916.   (*Matter of Bowne* v. *Bowne Co.*, 221 N. Y. 28, distinguished.)

4. Findings should state whether the average weekly wage was all received in his capacity as employee or whether part was apportioned to his official position.

*Matter of Skouitchi* v. *Chic Cloak & Suit Co.*, 192 App. Div. 768, modified.

(Argued January 10, 1920; decided March 1, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 9, 1920, reversing an award of the state industrial commission made under the Workmen's Compensation Law and directing a dismissal of the claim.

The facts, so far as material, are stated in the opinion.

*Charles D. Newton, Attorney-General* (*E. C. Aiken* of counsel), for appellant.  The premium having been paid to the insurance carrier based upon the salary of the claimant, he was entitled to an award of compensation under subdivision 6 of section 54.  (L. 1916, ch. 622; *Bowne* v. *Bowne*, 221 N. Y. 28; *Howard* v. *Howard*, 221 N. Y. 605.)

*Alfred W. Meldon* for respondent.  Claimant was not entitled to an award of compensation under subdivision 6, section 54.  (*Bowne* v. *Bowne Co.*, 211 N. Y. 28; *Matter of Howard* v. *Howard*, 9 State Dept. Rep. 355;

221 N. Y. 605; *Matter of Kennedy* v. *Kennedy Manufacturing & Engineering Co.*, 177 App. Div. 56; 182 App. Div. 907.)

HISCOCK, Ch. J.   Upon evidence which sustained them, findings were made by the industrial commission to the effect that claimant owned ten shares of a value of ten dollars per share out of 120 shares of the capital stock of a small corporation engaged in the clothing business and was its president and treasurer; that in these capacities, however, he performed no substantial duties, the business being supervised by a general superintendent and even the checks signed by another person; that he was "employed" as manager and as such performed services in packing and shipping and selling and delivering goods; that while he was thus engaged in his regular work he met with an accident which caused the injuries for which compensation was sought; that his "average weekly wage * * * was the sum of $33.70."

On these and other appropriate formal findings an award was made.   The Appellate Division, however, took the view that the award could only be sustained under the amendment made to section 54 of the Workmen's Compensation Law (Cons. Laws, ch. 67) in 1916, which permitted the insurance of "employers who perform labor incidental to their occupations," and certain requirements of that amendment not having been complied with it reversed the award and dismissed the claim.

We are of the opinion that the Appellate Division erred in its view that the claim could only be established by virtue of the amendment in question.   In fact it may be a debatable question whether that amendment can be applied in the case of an employer which is a corporation. Of course a corporation itself could not be injured or draw compensation for injuries as provided in the Compensation Law.   In its case advantage could be taken of the provision for insurance of employers only by holding that

the act covered the officers and agents of the employer and permitted them to recover compensation. We refrain, however, from deciding this question at this time because we do not regard it as being involved.

The amendment plainly was intended to cover the case of an employer who maintained his status as such but who nevertheless did some work of the character usually performed by an employee. Such a situation would arise for instance in the case of a tailor who employed four or five men and did some work with them. He would remain an employer and obviously could not become an employee of himself as an employer. If he received any compensation for injury it would be as employer under the amendment in question. But all this would not preclude a person who was really an employee from securing compensation as such for injuries received in the course of his employment, even though he might hold a title as officer in a corporation. If he was actually employed to perform services as an employee such as are contemplated by the Workmen's Compensation Law there is no reason why he should not come within its benefits independent of the amendment of 1916. A corporation is a complete entity separate and distinguishable from its stockholders and officers and if it sees fit to have one of the latter serve it in the capacity of an ordinary employee we see nothing to prevent it from so doing. That seems to us to be the present case. The claimant was " employed " as general manager. The term " general manager " is somewhat ambiguous and of itself might indicate either an executive and important officer or a person performing ordinary duties of an employee. The evidence and findings in this case show that the position was of the latter class and that the claimant performed ordinary detail and manual work such as would be required of a typical employee. Under these circumstances we think that he was entitled to secure compensation as such for injuries under the general provisions of the Compensation

Law and that his case was not governed by or dependent upon the amendment of 1916.

There is nothing in our decision in the case of *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28) (which curiously is stated by the attorney-general in his brief to have been decided before the amendment of 1916 was adopted) which contravenes this view.   On the other hand, the effect of what was said by Judge POUND in its entirety sustains the view which we are now taking of the facts presented on this appeal.   In that case the claimant was the owner of a majority of the capital stock of a corporation of which he was the president.   The commission found that he was " employed as president."   His ordinary duties were those which pertained to the position of a managing, executive officer and the manual work in the course of which he was injured was merely a casual occurrence. He received as a stockholder and an executive officer substantial dividends and salary which were in no wise abated or impaired by his accident.   Under those circumstances we said that it would be an unreasonable interpretation of the Compensation Law to regard him as an employee such as was intended and provided for by that statute in awarding compensation for injured employees.   It was fully recognized, however, that there was nothing to prevent a corporation if it so desired from hiring one of its officers to be, and to perform the work of such an employee as was contemplated by the statute. We simply held that " the higher executive officers of ·a corporation are not, *as such*, its employees in the ordinary use of the word."   (p. 30.)

We think, therefore, that it was erroneous for the Appellate Division to dismiss the claim on the theory that no recovery could be had.   With some hesitation, however, we have reached the conclusion that it was proper to reverse the award sending the claim back for further proceedings instead of dismissing it.

A person holding the title of an executive managing

official and at the same time being an employee and performing the work of such should be allowed only to draw compensation based on wages received by him in the latter capacity. The finding in this case states that the claimant received an average weekly wage of $33.70, but it is not stated whether that was all received in his capacity as employee. In view of the evidence and other findings it very probably may be that such was the fact and that no part of this amount was apportioned to his position as president and treasurer. Nevertheless the evidence is so conflicting and unsatisfactory that we conclude that there should be a specific finding upon this subject and that the claim should be remitted to the industrial commission for such further proceedings as may be necessary to that end.

The order of the Appellate Division, therefore, should be modified by providing that the claim be remitted and not dismissed, with costs to abide event.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.