[S. F. No. 9839. In Bank.—December 21, 1921.]

## EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Power of Legislature—Constitutional Law.—The legislature has no power under section 21 of article XX of the constitution to create and enforce a liability on the part of any person not an employer to compensate persons who do not sustain to him the relation of employee, or to create courts or commissions having judicial power for the settlement of disputes concerning such liability between persons who do not sustain the relation of employer and employee to each other.

[2] Id.—Injury to Member of Partnership—Lack of Jurisdiction of Commission.—The Industrial Accident Commission has no jurisdiction to entertain an application or to make an award of compensation to a member of a partnership, where such member was not an employee of the firm at the time of his injury, but an equal member performing without wages his part of the work and business and receiving and to receive his only reward therefor out of an equal division of the profits.

[3] Id.—Insurance Carrier—Listing of Partner as Employee—Essence of Estoppel.—An insurance carrier of a partnership is not estopped from claiming that a member of the partnership was not an employee, by reason of the fact that such partner was expressly listed in the policy as an employee, since jurisdiction cannot be conferred upon a tribunal of limited powers either by the direct agreement of the parties or by an estoppel growing out of such an agreement.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

R. P. Wisecarver and Redman & Alexander for Petitioners.

Adolphus E. Graupner and Courtney L. Moore for Respondents.

---

2. Members of partnership as employees within meaning of Workmen's Compensation Acts, note, L. R. A. 1918F, 204.

RICHARDS, J., *pro tem.*—This proceeding was instituted by the petitioners herein to review an award of the Industrial Accident Commission granting compensation to W. L. Williams, one of the respondents herein. There is no dispute as to the facts upon which this proceeding is predicated. W. L. Williams was a partner in the firm of Green & Williams, copartners, engaged in the rock-crushing business and employing several men. The duties of Williams as a member of said firm were those of working with the men in the gravel-pit, while the duties of Green, the other member of the copartnership, were those of attending to the selling and collecting business of the firm. Each was an equal partner, neither receiving wages, but deriving his benefits from the association solely out of the profits of the business. The petitioner herein was the insurance carrier of the firm under the terms of a policy issued by it, which policy, as to most of its provisions, was in the usual printed form, apparently intended for general use throughout the United States where workmen's compensation laws existed, with addenda attached thereto referring particularly to the provisions of the California law upon the subject. In this policy of insurance there was inserted the following clause:

"Payroll for Comp. to include drivers and drivers' helpers, also chauffeurs and chauffeurs' helpers.

"Including William L. Williams at an amount not exceeding $1,666 per annum. All others excluded."

W. L. Williams was injured while at work in the gravel-pit during the life of this policy and made application to the Industrial Accident Commission for an award, naming the firm of which he was a member and its insurance carrier as the respondents in said application. An answer was filed by the said respondents, denying the jurisdiction of the commission over said proceeding, and also denying that the applicant was in the employ of said firm, and alleging that upon the date of his injury the said applicant was not earning more than the minimum amount upon which compensation is based under the Workmen's Compensation Act. Upon the hearing before the commission it made an award to the applicant of $20.83 a week for 240 weeks, and $12.82 a week for the remainder of his life, together with the sum of $708.22 accrued from the date of his injury to the date of said award. The award states "that the foregoing weekly

benefit is based upon wages exceeding the maximum at which compensation shall be computed." The insurance carrier applied for a rehearing before the commission, which was denied, whereupon it instituted this proceeding, seeking the annulment of the foregoing award.

The petitioner's first contention is that W. L. Williams was not an employee of the firm of Green & Williams and hence the Industrial Accident Commission could have no jurisdiction over his case. It must be concluded that as to the facts of the case, the undisputed evidence showed that W. L. Williams was not an employee of the copartnership of Green & Williams of which he was an equal member, performing without wages his part of the work and business of said firm, and receiving and to receive his only reward therefor out of an equal division of the profits thereof. There had been no profits earned by said copartnership up to the date of the applicant's injury. While he had withdrawn some small amounts from the firm these were, according to his own testimony, in the nature of loans, some portion of which he had repaid from other resources. Section 21 of article XX of the state constitution, as it read prior to 1918, provided: "The legislature may by appropriate legislation create and enforce a liability on the part of all employers as to compensate their employees for any injury incurred by the said employees in the course of their employment, irrespective of the fault of either party. The legislature may provide for the settlement of any disputes arising under the legislation contemplated by this section, by arbitration, or by an industrial accident board, by the courts, or by either, any, or all of these agencies, anything in this constitution to the contrary notwithstanding."

[1] It has been held by this court in several recent cases that the legislature had no power under this clause of the constitution to create and enforce a liability on the part of any person not an employer to compensate persons who do not sustain to him the relation of employee, and that the legislature under said section had no power to create courts or commissions having judicial power for the settlement of disputes concerning such liability between persons who did not sustain the relation of employer and employee to each other. (*Carstens* v. *Pillsbury,* 172 Cal. 572, [158 Pac. 218]; *Pacific G. & E. Co.* v. *Industrial. Acc. Com.,* 180 Cal. 497,

[181 Pac. 788].) Each of these cases had reference to liabilities arising out of and during a partnership relation and in each of which it was decided that the provisions of the Workmen's Compensation Act wherein it was attempted to invest the Industrial Accident Commission with jurisdiction to hear and determine such cases were unconstitutional and void. In the year 1918 the foregoing section of the constitution was amended so as to broaden the powers of the legislature "to create and enforce a complete system of workmen's compensation by appropriate legislation." Whatever the effect of this amendment to the constitution may be in other respects, its primary object remains that of dealing, and of authorizing the legislature to deal, with the subject of workmen's compensation. In that respect it purports to be no broader in its scope than the section of the constitution above quoted and which it replaced. This being so, the above-cited decisions of this court defining the powers of the legislature under said former clause in the constitution still remain as to the particular point at issue here in full force and effect. [2] The respondent herein concedes the force of these decisions, but undertakes to avoid their effect by showing that in the policy of insurance issued to the firm of Green & Williams, said W. L. Williams was expressly mentioned and listed among the employees of said firm, and it is the respondent's contention that the name of W. L. Williams having been thus inserted in said policy among the employees of the firm, even though he was not in fact such employee, and that said insurance carrier having received benefits in the way of added premium by virtue of the insertion of the name of said Williams in said policy as such an employee, were sufficient to give the Industrial Accident Commission jurisdiction to determine the fact as to whether said Williams was or was not an employee of his own firm. This contention is based upon the showing that the Workmen's Compensation Act embraces certain sections which provide that working members of partnerships receiving wages, irrespective of profit from said partnership, shall be deemed employees thereof, and which also undertake to give the commission jurisdiction to determine controversies arising out of insurance policies issued to self-employing persons. (Workmen's Compensation Act, 1917, secs. 8b, 57b.) Even if it were to be conceded that such a stipulation between the in-

sured and the insurance carrier could suffice to confer juris-
diction upon the Industrial Accident Commission to hear and
determine the question as to whether the person named as an
employee therein is or is not such an employee as would be
entitled to the benefits of the act, it would avail the appli-
cant in this proceeding nothing, since the undisputed evi-
dence shows that he was not in fact an employee of the part-
nership of which he was a member. His own testimony
before the commission is conclusive upon this subject and
brings the case squarely within the above authorities so as
to compel an annulment of this award.

[3] The respondent herein, however, urges that the in-
surance carrier by the fact of having issued this policy and
received the consideration therefor in the way of premium
is estopped thereby to claim that W. L. Williams is not an
employee of the insured. In support of this contention the
respondent cites a number of cases from other jurisdictions,
all of which, with one exception, are cases of agreement be-
tween individuals and estoppels arising therefrom in no way
affecting the question of the jurisdiction of tribunals to hear
and determine such controversies. On the other hand, it has
been held in this state that a surety company is not estopped
to deny liability upon a void obligation by reason of the fact
that it has executed the same and received the benefits thereof.
(*Loop L. Co.* v. *Van Loben Sels et al.,* 173 Cal. 228, [159
Pac. 600] ; *Shaughnessy* v. *American Surety Co.,* 138 Cal.
543, [69 Pac. 250, 71 Pac. 701] ; *Coburn* v. *Townsend,* 103
Cal. 233, [37 Pac. 202].) The case of *Kennedy* v. *Kennedy
Mfg. Co.,* 177 App. Div. 56, [163 N. Y. Supp. 944], is the
only case cited by petitioner bearing upon the question at
issue here. That was a case arising under the Workmen's
Compensation Act of New York, and the court held that the
insurer in that case was estopped to deny that the applicant
was an employee of the insured corporation when he had
been listed as such employee in the insurance policy. This
ruling, however, was not necessary to the decision of that
case, since it clearly appeared that irrespective of the terms
of the policy the applicant was, upon the facts, an employee
of the corporation. That case is, therefore, not authority
for the respondent's contention in the instant case. Upon
principle it must be held that jurisdiction of the subject mat-
ter of a controversy cannot be conferred upon a tribunal of

limited powers either by the direct agreement of the parties or by an estoppel growing out of such agreement. (15 Corpus Juris, p. 844, sec. 164; *Lindsay-Strathmore Irr. Dist.* v. *Superior Court*, 182 Cal. 334, [187 Pac. 1056].) Upon the facts of this case the applicant for this award was not an employee of the copartnership of which he was a member at the time of his injury. The Industrial Accident Commission had, therefore, no jurisdiction to entertain his application or to make the award. Whether or not W. L. Williams would have a right of recovery in the ordinary courts of law upon any obligation on the part of the insurer arising out of the terms of this policy and of his injuries is a matter which we are not called upon to determine in this proceeding.

The award is annulled.

Wilbur, J., Waste, J., Lennon, J., Shaw, C. J., and Shurtleff, J., concurred.

Rehearing denied.

All the Justices concurred, except Sloane, J., who did not vote.