In the Matter of the Claim of VINNIE M. LYLE, Appellant, against H. R. LYLE CIDER AND VINEGAR COMPANY et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — insurance — policy intended to cover employer should so indicate by its terms — award may not be sustained on theory of insurance for employer where policy is limited in its terms to employees and findings are that decedent was injured while engaged as employee — member of copartnership injured while performing labor incident to copartnership business not an employee.**

1. Though under the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67, § 54, subd. 6) a policy may be taken out which will insure employers who perform labor incidental to their occupations, the purpose so to cover employers should be indicated by its terms, and where a policy not only contains no provisions covering the employers, but, by its terms, is unmistakably limited in its application to employees and in addition the findings of the Industrial Board, which made an award in favor of claimant, are to the effect that decedent was injured while engaged as an employee, the award cannot be sustained on the theory of insurance for an employer.

2. Nor can the award be sustained on the theory that the injuries causing death of claimant's husband were received while he was engaged as an employee. He was a member of a copartnership carrying on business and was injured while performing labors incidental thereto. Copartners are the principals and employers and it is not within the contemplation of the Workmen's Compensation Law that one of them may become the employee of himself and his associates and thus at the same time occupy the inconsistent attitudes of employer and employee.

*Lyle* v. *Lyle Cider & Vinegar Co.,* 215 App. Div. 736, affirmed.

(Argued June 2, 1926; decided July 9, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 15, 1925, reversing an award of the State Industrial Board made under the Workmen's Compensation Law and directing a dismissal of the claim.

17

*Ernest F. Fox* for claimant, appellant. The award of the Industrial Board should be affirmed as the decedent was protected under the policy written and is entitled to recover. (Workmen's Com. Law, § 6, subd. 54.)

*Albert Ottinger, Attorney-General* (*E. C. Aiken* of counsel), for State Industrial Board, appellant. An employer who does the work of an employee and is paid wages therefor is entitled to compensation. (*Skouitchi* v. *Chic Cloak & Suit Co.,* 230 N. Y. 296.)

*William B. Davis* and *E. C. Sherwood* for respondents. The decedent was an employer and not an employee. (*LeClear* v. *Smith & LeClear,* 207 App. Div. 71; *Matter of Skouitchi* v. *Chic Cloak & Suit Co.,* 230 N. Y. 296; *Matter of Kolpien* v. *O'Donnell Lumber Co.,* 230 N. Y. 301; *Matter of Hubbs* v. *Addison Electric, etc., Co.,* 230 N. Y. 303; *Matter of Schweitzer* v. *Thompson & Norris,* 229 N. Y. 97; *Cooper* v. *Industrial Accident Commission of California,* 177 Cal. 685; *Employers Liability Assurance Corporation, Ltd.,* v. *Industrial Accident Commission,* 187 Cal. 615; *Millers' Indemnity Underwriters* v. *Patten,* 238 S. W. Rep. 240.)

HISCOCK, Ch. J. This appeal represents an effort to secure an award under the Workmen's Compensation Law (Cons. Laws, ch. 67) in favor of the claimant on the theory that her injured husband was an employee and also that the policy issued by the carrier covered him as an employer and, therefore, insured against the accident suffered by him while engaged as such employer in the performance of work being carried on by the copartnership. The latter is the more important claim.

Claimant's husband, upon whom she was dependent within the provisions of the Compensation Law, was a member of a copartnership engaged in carrying on a business of limited proportions and while he was performing labors incidental to the purposes of the copartner-

ship he was so injured that death resulted. No question is made but that under the provisions of section 54, subdivision 6, of the Workmen's Compensation Law a policy may be taken out which will insure employers who perform labor " incidental to their occupations." This is a remedial and wise provision and, in accordance with well-established principles, we ought to construe it liberally to the end of effectuating if possible the purpose for which it was adopted. The trouble in this case is that all of the facts by which we must be guided oppose rather than support the claim that decedent was insured as an employer. If a policy is intended to cover employers within the permission of the statute that purpose ought to be indicated by its terms. Whatever the intention of the parties may have been, the policy before us not only does not contain any provisions covering the employers but by its terms it is unmistakably limited in its application to employees. In addition to this the findings of the Industrial Board, which made an award in favor of claimant and which are binding upon her now, are to the effect that decedent was injured while engaged as an employee and at work for his employer. Thus we are compelled to decide against the claim on this theory of insurance for an employer and are relegated to the question whether under the circumstances an award can be sustained because of injuries received by the decedent while engaged as an employee. Carrying this question farther it becomes the one whether a copartner can become the employee of himself and his partners as employers and we think that a negative answer must be made to this question. The copartners, of course, are the principals and employers and we do not think that it is within the contemplation of the Workmen's Compensation Act that one of them may become the employee of himself and his associates and thus at the same time occupy the inconsistent attitudes of employer and employee. The Workmen's Compensation Law, in our

opinion, does not contemplate any such anomalous situation and it is entirely opposed to well and long-established principles of law which to a certain extent furnish the foundation for the Compensation Law, that a partner should have a claim against himself and his copartners for an accident springing out of the work of the copartnership and for the conduct of which he is responsible. This question has been thus directly or indirectly decided in other jurisdictions (*Cooper* v. *Industrial Accident Comm. of Cal.,* 177 Cal. 685; *Employers Liability Assurance Corp., Ltd.,* v. *Industrial Accident Comm.,* 187 Cal. 615; *Ellis* v. *Ellis & Co.,* 7 W. C. C. 97); and this view is in accordance with what was said by this court in *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28) and *Matter of Skouitchi* v. *Chic Cloak & Suit Co.* (230 N. Y. 296). In the latter case we pointed out that the provision under consideration (Sec. 54, subd. 6) " was intended to cover the case of an employer who maintained his status as such but who nevertheless did some work of the character usually performed by an employee. * * * He would remain an employer and obviously could not become an employee of himself as an employer. If he received any compensation for injury it would be as employer." The obvious course to be pursued by persons like the decedent who, although employers, are engaged in performing labor contemplated by the statute and desire insurance, is to secure a policy which by its terms properly insures them as such employers.

The order appealed from should be affirmed, with costs against the State Industrial Board.

CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., not voting.

Order affirmed, etc.