In the Matter of the Claim of ABRAHAM MUNTER, Respondent, against IDEAL PEERLESS LAUNDRY, Alleged Employer, Impleaded with EXCHANGE MUTUAL INDEMNITY INSURANCE COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 27, 1930.

*John H. Brogan* [*Franklin R. Brown* and *Noel S. Symons* of counsel], for the appellant.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

HASBROUCK, J.   In October, 1925, Abraham Munter and his four brothers bought the property of the Ideal Peerless Laundry Company of Jamestown, N. Y., its rights, franchises and the right to use its name, and on March 15, 1926, took over the assets of such company and the conduct of the laundry business.

The brothers intended further to form a new corporation under the name of Ideal Peerless Laundry Company, Inc.

The new corporation was not formed until July, 1926.

The Munter brothers on March 15, 1926, applied to the Exchange Mutual Indemnity Insurance Company for compensation insurance and a policy was issued to the Ideal Peerless Laundry Company.

Abraham Munter, on March 22, 1926, while carrying in the plant a basket of clothes accidentally stepped into an elevator shaft and was injured.

The employer's report of injury was signed by Sidney Munter, also one of the brothers.

Abraham Munter has claimed compensation and the Industrial Board has made an award in his favor against *The Ideal Peerless Laundry*, a name and not a corporation.   The carrier has appealed.

The contention of the appellant is that the Munter brothers were at the time of the accident a *de facto* corporation.   It had no name and there was no certificate of incorporation made or filed and there had been no attempt upon the part of the Munter brothers to organize a corporation.

There exists no foundation upon which to build a *de facto* corporation without such attempt.   (*Von Lengerke* v. *City of New York*, 150 App. Div. 98.)   The case cited follows *Methodist Episcopal Union Church* v. *Pickett* (19 N. Y. 487), where Judge SELDEN says: " If the law exists, and the record exhibits a *bona fide* attempt to organize under it, very slight evidence of user beyond this, is all that can be required."

Measured by this requirement, no *de facto* corporation can be held to have existed on March twenty-second.   Neither does the employer's report of injury nor the findings of the Industrial Board rest upon the claim that the *de facto* corporation then existed.

The carrier having issued its policy to a corporation cannot question its existence. (*Methodist Episcopal Union Church* v. *Pickett, supra.*)

Although Morris Munter has sworn that he told Mr. Sullivan, carrier's representative and payroll auditor, that this company was going to carry on under the same name it had been and he was going to have the policy issued to the same name, and Abraham Munter swore that he was working for the corporation at the time of his injury, such testimony was without value for there was no such corporation.

The trouble with the claim at bar is, even though it be conceded that the carrier intended to insure the employer under any name (*Matter of Lipshitz* v. *Hotel Charles*, 226 App. Div. 839; *Clinton* v. *Hope Ins. Co.*, 45 N. Y. 454; *Weed* v. *H. B. F. Ins. Co.*, 133 id. 394), the fact remains that the claimant has not been held to be an employee of any corporation *de facto* or otherwise.

It is plain that the Munter brothers were a copartnership or an association and were conducting as such the business of the Ideal Peerless Laundry on March twenty-second.

In the Workman's Compensation Law there is no such personality to be found as to constitute at once employer and employee. (*Matter of Lyle* v. *Lyle Cider & Vinegar Co.*, 243 N. Y. 257; *Matter of Duprea* v. *Duprea Brothers*, 224 App. Div. 673; *Le Clear* v. *Smith*, 207 id. 71.)

The award should be reversed and the claim dismissed, with costs against the Industrial Board.

HINMAN, Acting P. J., DAVIS, WHITMYER and HILL, JJ., concur.

Award reversed and claim dismissed, with costs to Exchange Mutual Indemnity Insurance Company against the State Industrial Board.