## DEZENDORF v. NATIONAL CASUALTY CO. et al.

### No. 5373.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

B. B. Breazeale, Jr., of Natchitoches, for appellant.

E. W. & P. N. Browne, of Shreveport, for appellees.

DREW, Judge.

Plaintiff filed this suit under the Workmen's Compensation Act of this state (No. 20 of 1914, as amended) claiming the maximum amount of compensation for a period of not more than 400 weeks. He made defendants the National Casualty Company and the partnership of Prudhomme & Dezendorf, an ordinary partnership, composed of Prudhomme and the plaintiff. His claim is based upon the allegation that he was an employee of the partnership at the time of the accident and injury.

Among the defenses set up by defendants is that plaintiff cannot claim and collect compensation from the partnership of which he is a member; that he was not an employee thereof. Since we think this defense is sound and a bar to plaintiff's right to recover, we will omit the remainder of the pleadings.

Prudhomme and plaintiff are both carpenters. They formed a partnership wherein it was agreed that each of said partners was to receive $35 per week, when working, and the profits, after deducting these amounts, were to be divided equally. Unless the job was a rush one, they did all of the carpenter work; but if the job were a rush one, they would employ additional help. The brick work, papering, and plastering were done by those they employed.

When at work on a house in Natchitoches, La., plaintiff fell from a ladder and was injured. The defendant insurance company, upon receiving the report of the accident, immediately began making payments at the rate of $20 per week, and continued to pay for 28 weeks before it discovered plaintiff was a member of the partnership which it had insured as against its employees. It immediately ceased making the payments and refused to make other payments. This suit followed.

The lower court rejected plaintiff's demands, and he has prosecuted this appeal.

The question appears to be res nova in this state. We have been unable to find a case on the subject, and none has been cited to us by counsel in the case. However, our investigation reveals that the same question has been passed on many times in the other states of the Union, and, with the exception of two cases from Oklahoma, the jurisprudence of the nation is uniform in holding that a partner cannot recover compensation as an employee from the partnership of which he is a member. Plaintiff urges that a partnership is a distinct entity from its members, and we find that to be true, but, as was said in the case of Le Clear v. Smith et al., 207 App.Div. 71, 202 N.Y.S. 514, 515:

"It seems to me that the real question presented is: Was the claimant at the time of his injury an employee? There is little room for doubt but that in certain aspects a copartnership is a legal entity, and it may

be regarded as such particularly here, where the effort of the Workmen's Compensation Law is to cast upon the business of the employer the burden of compensation for injuries growing out of such business. But, though an entity, it had not as such the capacity as an artifice to hire, discharge, and direct its employees. That power rested in the copartners, or in some person authorized by them. As pointed out in Matter of Bowne v. S. W. Bowne Co., 221 N.Y. 28, 116 N.E. 364, the claimant should not be considered an employee because he was the corporation. So here we are led to hold that Le Clear cannot be regarded as an employee, because he was a member of the partnership.

"The relationship of Le Clear to the firm of Smith & Le Clear, upon his admission to the partnership, it seems to me, became that of an employer. The salary of $15 a week which he drew, in addition to one-third of the net profits, was not for the performance of any special work; it was pay for the general work of the copartnership. That Le Clear's character was that of an employer seems to be quite well established in the law, and there is no case to which I have been referred holding a contrary doctrine. Cooper v. Industrial Accident Comm. of California, 177 Cal. 685, 171 P. 684; Nevills v. Moore Mining Co., 135 Cal. 561, 67 P. 1054; Ellis v. Joseph Ellis & Co., 7 W.C.C. '97; Employers' Liability Assurance Corp. v. Industrial Accident Comm., 187 Cal. 615, 203 P. 95; Millers' Indemnity Underwriters v. Patten (Tex.Civ.App.) 238 S.W. 240; Bank of Buffalo v. Thompson, 121 N.Y. [280] 283, 24 N.E. 473; Hartigan v. Casualty Co. of America, 227 N.Y. [175] 179, 124 N.E. 789; Matter of Skouitchi v. Chic Cloak & Suit Co., 230 N.Y. 296, 130 N.E. 299, 15 A.L.R. 1285.

"It is unanswerably argued, I think, in the English case of Ellis v. Ellis & Co., above cited, that an employee cannot be both employee and employer, that the payment of wages is but the adjustment of accounts between partners and the right of compensation depends upon the relationship between the employer and the person whom he employs. If the claimant became by his entrance into the copartnership an employer he ceased to be an employee. The law in its definitions does not recognize such dual relationship in industrial enterprise. There are only employers and employees, no hermaphrodites. Work-

men's Compensation Law 1914, § 3, subds. 3, 4, as amended by Laws 1917, c. 705."

And in Munter v. Ideal Peerless Laundry, 229 App.Div. 56, 241 N.Y.S. 411, 414, the Supreme Court of New York said:

"It is plain that the Munter brothers were a copartnership or an association and were conducting as such the business of the Ideal Peerless Laundry on March 22.

"In the Compensation Law there is no such personality to be found as to constitute at once employer and employee. Lyle v. H. R. Lyle Cider & Vinegar Co., 243 N. Y. 257, 153 N.E. 67, 47 A.L.R. 840; Duprea v. Duprea Brothers, 224 App.Div. 673, 229 N.Y.S. 852; Le Clear v. Smith, 207 App. Div. 71, 202 N.Y.S. 514."

In the case of Lyle v. H. R. Lyle Cider & Vinegar Company, 243 N.Y. 257, 153 N.E. 67, 47 A.L.R. 840, the Court of Appeals of New York said:

"Whatever the intention of the parties may have been, the policy before us not only does not contain any provisions covering the employers, but by its terms it is unmistakably limited in its application to employees. In addition to this the findings of the Industrial Board, which made an award in favor of claimant and which are binding upon her now, are to the effect that decedent was injured while engaged as an employee and at work for his employer. Thus we are compelled to decide against the claim on this theory of insurance for an employer and are relegated to the question whether under the circumstances an award can be sustained because of injuries received by the decedent while engaged as an employee. Carrying this question farther, it becomes the one whether a copartner can become the employee of himself and his partners as employers, and we think that a negative answer must be made to this question. The copartners, of course, are the principals and employers, and we do not think that it is within the contemplation of the Workmen's Compensation Act that one of them may become the employee of himself and his associates, and thus at the same time occupy the inconsistent attitudes of employer and employee. The Workmen's Compensation Law, in our opinion, does not contemplate any such anomalous situation and it is entirely opposed to well and long established principles of law which, to a certain extent, furnish the foundation for the Compensation Law, that a partner should have a claim

against himself and his copartners for an accident springing out of the work of the copartnership and for the conduct of which he is responsible. This question has been thus directly or indirectly decided in other jurisdictions (Cooper v. Industrial Accident Comm. of Cal., 177 Cal. 685, 171 P. 684; Employers' Liability Assurance Corp. v. Industrial Accident Comm., 187 Cal. 615, 203 P. 95; Ellis v. Ellis & Co., 7 W.C.C. 97); and this view is in accordance with what was said by this court in Matter of Bowne v. Bowne Co., 221 N.Y. 28, 116 N.E. 364, and Matter of Skouitchi v. Chic Cloak & Suit Co., 230 N.Y. 296, 130 N.E. 299, 15 A.L.R. 1285. In the latter case we pointed out that the provision under consideration (section 54, subd. 6) 'was intended to cover the case of an employer who maintained his status as such, but who, nevertheless, did some work of the character usually performed by an employee. * * * He would remain an employer and obviously could not become an employee of himself as an employer. If he received any compensation for injury it would be as employer.' The obvious course to be pursued by persons like the decedent, who, although employers, are engaged in performing labor contemplated by the statute and desire insurance, is to secure a policy which by its terms properly insures them as such employers."

A case similar in every respect to the one at bar is In re Montgomery & Son, the Appellate Court of Indiana, 91 Ind. App. 21, 169 N.E. 879, 880, quoting:

"Questions of law presented are: (1) Was Wilbur A. Montgomery an employee of the partnership, operating under the name of W. A. Montgomery & Son, within the meaning of the Workmen's Compensation Act in force at the time of the injury, and are his dependents entitled to an award for compensation as against the partnership? (2) Is a member of a partnership an employee within the meaning of the Workmen's Compensation Act, when engaged only in work and labor pertaining to the business incident to the operation of the partnership?

"In the early history of Workmen's Compensation Acts, it was decided by the courts of England that a partner working for his partnership and receiving compensation therefor independent of his share of the profits is not entitled to compensation for injuries sustained. Ellis v. Ellis, [1905] 1 K. B. 324. And in the courts of the United States the great weight of authority is to the effect that a copartner in a partnership business cannot become an employee of himself and his copartners so as to be covered by a policy taken under the provisions of Workmen's Compensation Acts, insuring the partnership against liability for injury to employees. Cooper v. Industrial Accident Comm., 177 Cal. 685, 171 P. 684; Rockefeller v. Industrial Comm., 58 Utah, 124, 197 P. 1038; Employers' Liability Assurance Ass'n v. Ind. Accident Comm., 187 Cal. 615, 203 P. 95; McMillen v. Ind. Comm., 13 Ohio App. 310; Millers' Indemnity Underwriters v. Patten (Tex.Civ.App.) 238 S.W. 240; Gebers v. Murfreesboro Laundry Co., 159 Tenn. 51, 15 S.W.(2d) 737; Lyle v. Lyle, etc., Co., 243 N.Y. 257, 153 N.E. 67, 47 A.L.R. 840; Wallins Creek [Lumber Co.] Inc., v. Blanton, 228 Ky. 649, 15 S.W.(2d) 465; Le Clear v. Smith, 207 App.Div. 71, 202 N.Y. S. 514.

"The only cases which seem to be to the contrary are: Ardmore Paint, etc., Co. v. State Ind. Comm., 109 Okl. 81, 234 P. 582; Ohio Drilling Co. v. State Ind. Comm., 86 Okl. 139, 207 P. 314, 25 A.L.R. 367."

The policy of insurance involved in this case clearly insures only the employees of the partnership of Prudhomme & Dezendorf, and under the authorities above cited, which express the almost unanimous view of the courts of the Union, we find plaintiff was not an employee of the partnership and is not entitled to recover compensation from either the partnership or its insurer. The measure of liability of the insurer under a policy such as this is measured by the liability of the insured, the employer.

Plaintiff further contends that defendant is estopped to deny compensation, due to the fact that it paid same for 28 weeks. The record is clear that the payments were made through error and were stopped as soon as knowledge was received by it that plaintiff was one of the partners. The plea is not good.

The judgment of the lower court is correct, and is affirmed, with costs.