HARRINGTON v. HARRINGTON (WINNSBORO STATE BANK & TRUST CO., Intervener).

No. 4564.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

For prior opinion, see 151 So. 648.

Berry & Berry, of Winnsboro, and Thompson & Thompson, of Monroe, for appellant.

M. C. Redmond, of Monroe, for appellee.

PER CURIAM.

By third opposition appellee is claiming part of the proceeds of the property sold in the main action. Its demand is based on a debt alleged to be owing to it by the defendant in that action secured by a mortgage granted by him on an undivided half of the property sold. The theory of its case seems to be that the property belonged, not to the partnership to liquidate which it was sold, but to the persons composing the partnership, and that his mortgage outranked the judgment under which the property was sold. We learned this from the briefs of counsel, for neither the petition of third opposition nor the answer thereto is in the record. And, because of this omission, we were unable to ascertain exactly what issues were presented below. Neither did we find any statement signed by the trial judge showing on what evidence the case was submitted for decision. There is in the record a document signed by counsel on either side in the court below entitled "Statement of Facts", which document, we assumed, was all the evidence the case was submitted on.

As plaintiff in third opposition, it was incumbent on appellee to prove the existence of its alleged debt and mortgage, that the partners, as individuals, and not the partnership, owned the property, and that the mortgage primed that of the judgment to satisfy which the property was sold.

As defendant in third opposition, it did not devolve on appellant to disprove any of these things.

Believing that appellee had failed to discharge the burden of proof resting on it, we rejected its demand.

We might have rested our judgment on the ground of the failure of proof; but, as the record showed, the property had been sold to liquidate the affairs of a partnership, and therefore presumably was owned by the partnership, and, as the debt and mortgage asserted by appellee were individual obligations of one of the partners, we pointed out that partners as such have no mortgageable interest in the partnership property.

We believed not only that appellee had failed to make out its case, but also that an admission in the statement of facts, if that statement was the evidence on which the case was submitted, disproved the theory that the property belonged to appellee's mortgagor. This admission is as follows: "December 28th, 1924, partnership property sequestered."

Appellee, in brief in support of its application for rehearing, quotes findings of fact by the trial judge in his reasons for judgment in the action for dissolution of the partnership, and attaches to its brief deeds mentioned in those findings; but, as the record before us does not show that the existence of either the facts or deeds referred to was proved on the trial below, of course they cannot be considered by us here.

In its brief appellee practically concedes failure of proof on its part, for it asks that we " * * * grant a rehearing and, if necessary, remand the case in order that the entire proceedings of the original suit of J. H. Harrington versus T. H. Harrington, together with the deeds by which the property was acquired, may be inserted in the record."

Appellee does not suggest that the documents referred to were introduced in evidence below. If they were not, we do not see how they could be gotten into the record otherwise than by a new trial in the district court. Nor does appellee suggest that it was prevented by no fault of its own from getting them in the record, and, in the absence of some such showing, we would not be warranted in granting a rehearing, setting aside the judgment appealed from, and remanding the case for another trial, all of which we would have to do if appellee is to be afforded another opportunity of proving its case.

Still believing that appellee failed to make out its case, the application for rehearing is refused.