In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE, on Account of the Death of CHARLES A. BAKER, Deceased, Respondent, against NU-ART ADVERTISING COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 8, 1935.

*Alfred T. Tompkins* [*Charles J. Gardella* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Roy Wiedersum, Assistant Attorneys-General,* of counsel], for the respondent, State Industrial Board.

*Joseph B. Boyle,* for the claimant, respondent.

RHODES, J. The award herein has been made under the supposed authority of section 44 of the Workmen's Compensation Law. The question now presented is whether such award is permitted by said section.

The deceased was employed by the Nu-Art Advertising Company, a corporation, his work consisting of the resurfacing of rubber printing plates, which work necessitated the use of and direct contact with benzol, and exposed him to the fumes thereof.

The Board has found that while thus working for said employer, and on or about Labor Day, 1931, he contracted the occupational disease of benzol poisoning. About November 1, 1931, he left the employment of said corporation and became a copartner in the firm of the Parazin Printing Plate Company, for which firm he did the same kind of work, in which he continued the similar use of benzol. While thus working in the business of the copartnership, he became disabled from said disease, which later caused his death. The Board has fixed the date of disablement as June 1, 1932, but has made the award against the former employer, the corporation appellant herein.

So far as necessary for consideration here, said section 44 provides as follows: " The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section, may appeal to the board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due. * * * If the board find that any portion of such compensation is payable by an employer prior to the employer who is made liable to the total compensation as provided by this section, it shall make an award accordingly in favor of the last employer, and such award may be enforced in the same manner as an award for compensation."

Section 38 provides, in substance, that disablement resulting from an occupational disease shall be treated as the happening of an accident, within the meaning of the Workmen's Compensation Law, and that the procedure and practice provided by such law shall apply thereto.

From the above recited facts, it appears that the happening of the accident, i. e., the disablement, occurred while the deceased was a member of and engaged in the work of the copartnership. Therefore, at the date of the disablement, he was not an employee within the meaning of the Workmen's Compensation Law. (*LeClear* v. *Smith*, 207 App. Div. 71; *Matter of Munter* v. *Ideal Peerless Laundry*, 229 id. 56; *Matter of Duprea* v. *Duprea Brothers*, 224 id. 673; *Matter of Lyle* v. *Lyle Cider & Vinegar Co.*, 243 N. Y. 257.)

By subdivision 7 of section 2 injury is defined as meaning " Only accidental injuries arising out of and in the course of employment."

Section 10 makes every employer liable to his employees for compensation " for their disability or death from injury arising out of and in the course of the employment."

There is no " compensation due " and the statute imposes no liability until the happening of an accident or the occurrence of disablement from a specified occupational disease while in the employment of the employer sought to be made liable. This is made clear by section 39 which, in part, is as follows: " Right to compensation. If an *employee* is *disabled or dies* and his *disability or death* is caused by one of the diseases mentioned * * *, he or his dependents shall be entitled to compensation for his *death* or for the duration of his disablement."

Thus, not only is disablement necessary to give rise to compensation, but it must be the disablement of an *employee*, viz., one who at the time of disablement is working for the employer against whom liability is asserted.

The disablement did not eventuate while deceased was working for the employer corporation, but happened while he was occupied in the business of his firm; in other words, while he was working for himself. The corporation appellant is, therefore, not liable for " total compensation " herein; neither is it obligated to contribute a proportionate part thereof under section 44. That section contemplates contribution by a prior employer only in a case where disablement occurs to the employee while working for a subsequent employer. As already pointed out, at the time of the disablement, the deceased was not working for an employer, he was working for himself. In such case the Workmen's Compensation Law has no application; the provisions of section 44 do not cover such a situation.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

McNamee and Crapser, JJ., concur; Heffernan, J., dissents with an opinion, in which Hill, P. J., concurs.

Heffernan, J. (dissenting). I dissent from the conclusion of the majority and vote to affirm the award of the State Industrial Board.

The deceased workman was employed by a corporation known as the Nu-Art Advertising Company from January to November, 1931. His work required him to clean engraving plates with benzol. The Board found that during the period of his employment the deceased contracted benzol poisoning which resulted in his disablement about June 1, 1932, and ultimately in death on January 11, 1933. This finding is sustained by the evidence.

Subsequently to November, 1931, the Nu-Art Advertising Company, the employer, ceased active operations and its business was taken over by the Parazin Printing Plate Company, a partnership consisting of the deceased and one Vivian A. Stacy-Bush. Until he became disabled in June, 1932, the deceased performed the same services for the partnership which he had theretofore performed for the corporation, during which period he was exposed to benzol.

The Industrial Board awarded compensation against the Nu-Art Advertising Company as the last employer of decedent in accordance with section 44 of the Workmen's Compensation Law. The pertinent provisions of that section are: " The total compensation due shall be recoverable from the *employer who last employed* the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section, may appeal to the board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due."

The language of this section is not ambiguous. In plain and specific words it directs that compensation for an occupational disease shall be paid by the last employer.

In the case before us the decedent contracted the disease while in the employ of the Nu-Art Advertising Company. It is true, as stated by Mr. Justice Rhodes in his opinion, that at the time of

his disablement he was not an employee. Parazin Printing Plate Company could not be classified as an employer because decedent was a partner in that venture. A partner cannot be an employee of the copartnership. (*Matter of Lyle* v. *Lyle Cider & Vinegar Co.,* 243 N. Y. 257; *LeClear* v. *Smith,* 207 App. Div. 71; *Matter of Duprea* v. *Duprea Brothers,* 224 id. 673; *Matter of Munter* v. *Ideal Peerless Laundry,* 229 id. 56.)

I agree with Justice RHODES that not only is disablement necessary in order to give rise to a claim for compensation but it must be the disablement of an employee. Who then was the last employer of decedent? The last employer who employed deceased *as an employee* was the Nu-Art Advertising Company. The imposition of an award against it is within the letter and the spirit of the section under consideration. If the construction which the majority has given this section is correct, an employee who contracts a disease in the course of his employment, and who subsequently leaves that employment and thereafter, while unemployed, becomes disabled or dies because of such disease, must be denied compensation. The employer in whose service the disease was contracted is thus absolved from all liability. If we adopt this view, an employer upon ascertaining that an employee has contracted an occupational disease in his service, may render himself immune from responsibility by dismissing the servant before he actually becomes disabled. I do not think the Legislature ever intended any such result. The purposes sought to be accomplished by compensation statutes become influential factors in the settlement of problems of construction and interpretation.

The Workmen's Compensation Law is classed as remedial legislation and hence a spirit of liberality should characterize its interpretations in order to effectuate its intent and purpose. We are not concerned with the wisdom of or the justice of the section in question. Our only purpose is to ascertain the meaning and intent of the lawmakers. The intention of the lawmakers is the law. That intention is to be gathered from the necessity or reason of the enactment. In the construction of a statute we are not confined to the literal meaning of the words. When the intention can be collected from the statute words may be modified or altered so as to obviate all inconsistency with such intention. To give this statute the construction placed upon it by the majority produces an absurd and illogical result. When an incongruous consequence will result from a particular construction, that construction should be avoided, unless the meaning of the Legislature be so plain and manifest that avoidance is impossible. In the instant case there is nothing in the language used to indicate a legislative intent to

deny compensation under the circumstances disclosed in this record. We should not seek some hidden meaning in the act at variance with the language used in order to deprive an injured workman, or his dependents, in the event of his decease, of the benefits of the Workmen's Compensation Law.

Appellants urge that this statute is inequitable. That is an argument which should be addressed to the Legislature and not to the courts.

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., concurs.

Award reversed and claim dismissed, with costs against the State Industrial Board.